MOORE v. SLOAN.

Opinion delivered November 7, 1903.

RES JUDICATA—ADMINISTRATOR AS REPRESENTING CREDITORS.—The creditors of an estate are represented by the administrator, and will be concluded by a judgment against him touching the disposition of the estate.

Appeal from Clark Chancery Court.

JOEL D. CONWAY, Judge.

Affirmed.

*Murry & Calloway* and *W. V. Tompkins,* for appellants.

The equity of redemption was an asset in the hands of the administrator, and it was his duty to sell it for the best advantages of the estate. Sand. & H. Dig. § 183; 18 Ark. 85. The administrator was a trustee for creditors. 39 Ark. 524; 54 Ark. 627; 41 Ark. 264.

*J. H. Crawford,* for appellees.

Probate courts are courts of record, and their judgments are not open to collateral attack. 11 Ark. 519. Any possible defect arising out of lack of notice was cured by the order of the probate court confirming the sale. 31 Ark. 75, 83; 33 Ark. 297, 298; 47 Ark. 413, 418; 70 Ark. 88. All persons interested were charged with notice of the filing of the administrator's settlement. 36 Ark. 384, 401; 52 Ark. 9. Exceptions should have been filed in the probate court. 48 Ark. 544. Chancery has no jurisdiction to correct frauds in unconfirmed settlements. 49 Ark. 51.

BATTLE, J. W. J. Smith was the owner of certain lands. He was indebted to J. S. Massey in the sum of $1,000 and interest thereon. To secure the payment of this debt, he mortgaged his

lands. He was also indebted to William R. Moore & Co. He died intestate, and J. S. Cargile was appointed administrator of his estate. Moore & Co.' proved their claim against his estate, and Massey instituted a suit to foreclose his mortgage. Before the lands were sold under a decree of foreclosure, Mrs. Eliza W. Smith, the widow of the deceased, made an application to the probate court of Clark county, as a person interested, for an order directing the administrator to sell at public sale the equity of redemption in the lands. The petition was granted, and the equity of redemption was sold on the 15th of May, 1899, to T. A. Sloan for ten dollars. No notice of the application was given before the order of sale, and no appraisement of the lands was made. There was no evidence of fraud in the procurement of the order of the probate court or in the sale, which was reported to and approved by the probate court. A deed for the lands was executed to the purchasers. A decree was rendered in the suit instituted by Massey directing the lands to be sold to satisfy the mortgage. Thomas M. Ewing was appointed commissioner to make the sale. He sold the lands, in pursuance of the decree, on the first day of November, 1897, for $817.93, in excess of the mortgage debt. In order to ascertain to whom the excess should be paid, Ewing filed a bill of interpleader in the Clark circuit court, making the administrator, the widow and heirs of W. J. Smith, deceased, and T. A. Sloan defendants thereto, and they filed their respective answers. The circuit court found that the excess belonged to Sloan, and adjudged that it be paid to him, which was done; and he (Sloan) on the 12th of February, 1897, paid $753.16 thereof to J. S. Cargile, who agreed with Sloan to expend it for the use and benefit of said widow.

On the 6th of December, 1899, Moore & Co. filed in the Clark circuit court a complaint in equity against T. A. Sloan, J. S. Cargile, individually, and as administrator, and Mrs. Eliza W. Smith, the widow, and asked that the sale of the equity of redemption to Sloan be set aside, and that he be adjudged to hold the excess, as trustee for the creditors of the estate of W. J. Smith, deceased. The defendants filed separate answers. The court, after hearing the evidence adduced by all parties, found in favor of the defendants, rendered decree in their favor, and plaintiffs appealed.

The question involved in the suit instituted by Ewing were the same as those involved in the suit brought by Moore & Co. The validity of the purchase by Sloan of the equity of redemption was the main question in both suits; in fact, the right of the parties in

both suits depended upon it. The same money was in controversy —the excess for which the land sold under the foreclosure of the mortgage of Massey. In the suit by Ewing, Cargile, as administrator, and the widow and heirs of W. J. Smith, deceased, were required to litigate the right to the money. In the suit of Moore & Co. Cargile, individually and as administrator, and the widow were the parties litigant. The rights of the parties in the latter suit to the money in controversy were adjudicated in the former. But Moore & Co. say that they were not parties to the former, but the administrator of the estate of W. J. Smith, deceased, of which they are creditors, was. They are or were interested in the money in controversy only as creditors. The administrator represented them and all other creditors of the estate in the former suit. *Marlatt v. Scantland,* 19 Ark. 443; *Merchants & Planters Bank* v. *Fitzgerald,* 61 Ark. 605. Their rights in this case were fully and finally determined in the suit by Ewing. *Interest reipublicae ut sit finis litium.* Decree affirmed.