## Oglebay *v.* Tippecanoe Loan & Trust Company, Administrator.

[No. 5,882. Filed November 7, 1907. Rehearing denied February 18, 1908. Transfer denied April 7, 1908.]

1. Pleading.—*Demurrer.—Form of.*—A demurrer alleging that the sixth paragraph of defendant's answer "is not sufficient to constitute a sufficient cause of defense to plaintiff's cause of action," presents no question. p. 483.
2. Appeal.—*Briefs.—Failure to Discuss Errors.—Waiver.*—A failure by appellant to discuss alleged errors is a waiver thereof. p. 484.
3. Same.—*Instructions.—How Made Part of Record.*—Instructions are made a part of the record (1) by order of the court, (2) by bill of exceptions, (3) under the statute (§561 Burns 1908, Acts 1907, p. 652). p. 484.
4. Same.—*Instructions.—Making Part of Record.—Statutes.*—In order to make instructions a part of the record under §561 Burns 1908, Acts 1907, p. 652, it must affirmatively appear that the

exceptions to such instructions were written at the close thereof, dated and signed; or if excepted to orally, the entry thereof must appear upon the records of the court. p. 484.

5. EVIDENCE.—*Witnesses.—Credibility.—Limiting Evidence by Instructions.—Decedents' Estates.*—Where evidence is received, over plaintiff's objection, in an action against an administrator, and upon plaintiff's motion, an instruction is given limiting the consideration of such evidence wholly to the question of the credibility of another witness, the objection to the introduction of such evidence is waived. p. 485.

6. SAME. — *Papers in Case. — Entries. — Former Adjudication.* — Where a creditor of an estate procures an administrator to bring a suit in behalf of such creditor, a decree being obtained, the papers and entries in such suit are proper evidence of former adjudication, in a subsequent action by such creditor against the administrator of such estate to recover again on the same claim. p. 485.

7. APPEAL. — *Weighing Evidence. — Witnesses. — Credibility.*—The Appellate Court will not weigh conflicting evidence, nor determine the credibility of witnesses. p. 486.

8. NEW TRIAL.—*Surprise.—Diligence.*—A new trial, on the ground of accident or surprise, will not be granted where the party failed to use diligence to procure the new evidence; and such diligence is not shown where the evidence was that of a vendee to whom the goods in controversy had been sold. p. 486.

From Tippecanoe Circuit Court; *Richard P. De Hart,* Judge.

Action by William R. Oglebay against the Tippecanoe Loan & Trust Company, as administrator of the estate of John P. Oglebay, Jr., deceased. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*W. S. Potter* and *Oglebay & Oglebay,* for appellant.
*Stuart, Hammond & Simms,* for appellee.

WATSON, J.—This was an action by appellant against appellee upon a promissory note in the sum of $1,000, dated May 1, 1885, payable one day after date, and executed to appellant by decedent, John P. Oglebay, Jr. Appellee answered in six paragraphs. The first, second, third, fourth and fifth were defenses available to appellee under the statute. The sixth was estoppel. Appellant's demurrer to the

sixth paragraph was overruled. The issues were tried before a jury, and a verdict was rendered for appellee. The jury also returned answers to interrogatories with the general verdict.

Appellant assigns errors as follows: (1) overruling the demurrer to the sixth paragraph of the answer; (2) overruling the motion to strike out part of the third paragraph of the answer; (3) overruling the motion for a new trial.

The averments of said sixth paragraph are, in substance, that, by reason of the conduct of appellant toward Ada May Carr, and advice given her in the settlement of decedent's estate, and because appellant procured the Tippecanoe Loan & Trust Company to be appointed administrator of said estate, and procured said trust company to bring an action with proceedings in attachment against said Ada May Carr to recover the amount which she had received as the purchase money from the sale of decedent's real estate in order to pay the note sued upon herein, and caused the National Fowler Bank to be summoned as garnishee to answer for said money, which action in attachment and garnishment resulted in a judgment in favor of said Carr and said bank, appellant is estopped from prosecuting the claim in this present action.

Appellant demurred to this paragraph of the answer, the body of the demurrer being as follows: "Plaintiff, William R. Oglebay, demurs to the sixth paragraph of defendant's answer for the reason that the same is not sufficient to constitute a sufficient cause of defense to plaintiff's cause of action." The appellee assails the form of this demurrer, and contends that it is not sufficient to present any question. Section 349 Burns 1901, §346 R. S. 1881, provides: "Where the facts stated in any paragraph of the answer are not sufficient to constitute a cause of defense, the plaintiff may demur to it under the rules prescribed for demurring to a complaint."

In *Reed* v. *Higgins* (1882), 86 Ind. 143, the demurrer

was: "Come now the plaintiffs and separately and severally demur to the second, third and fourth paragraphs of the defendant's answer herein, and for grounds of demurrer say that neither of said paragraphs constitutes any defense to this action." Held, the demurrer was insufficient.

In *Thomas* v. *Goodwine* (1882), 88 Ind. 458, the demurrer to the first paragraph of answer was for the following cause: "Because said defendant's answer does not state facts sufficient to constitute an answer to plaintiff's complaint." Held, insufficient.

In *Wintrode* v. *Renbarger* (1898), 150 Ind. 556, the demurrer was for the reason that facts were not stated "sufficient to constitute a good answer to the complaint of the plaintiff." The demurrer was held bad.

The demurrer in this case does not present any of the six causes of demurrer enumerated in the code, and therefore is insufficient. *City of Tell City* v. *Bielefeld* (1898), 20 Ind. App. 1; *Flanagan* v. *Reitemier* (1901), 26 Ind. App. 243; *State* v. *Katzman* (1903), 161 Ind. 504.

The court committed no error in overruling the appellant's demurrer to the answer in this cause.

No question is presented on the second assignment of error, since it is not discussed in the brief on appeal, and therefore is deemed to be waived. *Rudisell* v. *Jennings* (1906), 38 Ind. App. 403; *McCaslin* v. *State* (1906), 38 Ind. App. 184, and cases cited.

There are three ways by which instructions given or refused by the court, are made part of the record: (1) By order of the court; (2) by bill of exceptions; (3) under the statute. §561 Burns 1908, Acts 1907, p. 652.

In this case there was an attempt by appellant, under the provisions of §561, *supra,* to reserve an exception to the instructions given and refused. When this method is pursued the statutory requirements are imperative, and it must affirmatively appear that the exceptions to the instructions, requested or given by the court of its

own motion, were written at the close thereof, dated and signed; or if excepted to orally the entry thereof must appear upon the minutes or record of said court. Unless the requirements of the statute are met no exception is saved. *Storrs & Harrison Co.* v. *Fusselman* (1899), 23 Ind. App. 293; *Ayres* v. *Blevins* (1901), 28 Ind. App. 101; *Behymer* v. *State* (1884), 95 Ind. 140; *Childress* v. *Callender* (1886), 108 Ind. 394, 396; *Roose* v. *Roose* (1896), 145 Ind. 162, 164; *Malott* v. *Hawkins* (1902), 159 Ind. 127; *City of Michigan City* v. *Phillips* (1904), 163 Ind. 449. It therefore follows that no question is presented to this court as to the instructions enumerated in the motion for a new trial.

Appellant further contends that there was error in permitting the widow to testify as to the business relations between herself and George H. Oglebay, and as to assistance given her by said Oglebay in the sale of decedent's real and personal property, and the payment of the debts of decedent, and of her right to administer. At appellant's request the court instructed the jury that such evidence was admitted only as to the credibility of the witness George H. Oglebay, and it was to be given weight only with reference to that credibility. Where evidence, objected to when offered, is limited in its application by an instruction requested by the objecting party, the objection as to admission is deemed to be waived, and there is no cause for an assignment of error thereon in this court. Elliott, App. Proc., §703; *Vannoy* v. *Klein* (1890), 122 Ind. 416, 419; *Price* v. *Brown* (1885), 98 N. Y. 388, 395.

It is also urged that there was error in admitting in evidence the papers and order-book entries, including the judgment, in the case of the Tippecanoe Loan & Trust Co. v. Ada May Carr. A creditor of a decedent is in privity with the administrator of such decedent's estate, and a judgment against the administrator is binding on the creditor in the distribution of the assets. 2 Van Fleet, Former Adjudication, §461; *Blankenbaker* v. *Bank of*

*Commerce* (1882), 85 Ind. 459; *Moore* v. *Sloan* (1903), 71 Ark. 599, 76 S. W. 1058; *Hansen's, etc., Factory* v. *Teabout* (1898), 104 Iowa 360, 370, 73 N. W. 875; *Merchants, etc., Bank* v. *Fitzgerald* (1896), 61 Ark. 605, 33 S. W. 1064; *Blue* v. *Watson* (1882), 59 Miss. 619. Under the issues in this case the evidence was clearly admissible.

The further reasons are assigned as showing error in the overruling of the motion for a new trial: (1) The verdict is not supported by sufficient evidence; (2) the verdict is contrary to law. Both may be determined by the consideration of the sufficiency of the evidence.

In determining whether there is evidence sufficient to support the finding, it is necessary to consider only that which tends to sustain such finding. The court, on appeal, will not weigh the evidence, nor determine the credibility of the witnesses. *Board, etc.,* v. *Eaton* (1906), 38 Ind. App. 30; *Robinson & Co.* v. *Hathaway* (1898), 150 Ind. 679; *Lake Erie, etc., R. Co.* v. *Stick* (1896), 143 Ind. 449, 454; *Cincinnati, etc., R. Co.* v. *Madden* (1893), 134 Ind. 462, 469; Ewbank's Manual, §46. The verdict is fully supported by sufficient evidence.

The final specification of the motion for a new trial was for accident and surprise. In order to make such reason available, it must be shown that proper diligence was used to avoid surprise and to discover the new evidence. *Lockwood* v. *Rose* (1890), 125 Ind. 588, 597; *Reno* v. *Robertson* (1874), 48 Ind. 106. The testimony occasioning the alleged surprise was that of a witness called by appellant in his own behalf. The witness whom he proposes to call to supply the lack of evidence is one to whom he had sold the goods concerning which the testimony is desired. The reasons do not show proper diligence in avoiding the surprise, or discovering the new evidence.

We find no available error. The judgment is affirmed.