RANS *v.* PENNSYLVANIA RAILROAD COMPANY.

[No. 19,429. Filed December 26, 1963. Rehearing denied January 31, 1964. Transfer denied March 24, 1964.]

Arthur Metzler, Charles C. Campbell, both of Rochester, *Kizer & Neu* and *Marshall F. Kizer*, of Plymouth, for appellant.

*Crumpacker, May, Beamer, Levy & Searer* and *Shephard Crumpacker*, of South Bend, for appellee.

COOPER, J.—This is an appeal from the granting of a motion for a new trial under the provisions of §2-3201(b), Burns' 1961 Supplement.

The appeal originated in the Fulton Circuit Court and we remanded it to the trial court with instructions to state its reasons in writing as to why the new trial was granted. For original proceedings, see *Rans* v. *The Pennsylvania Railroad Co.* (1962), 133 Ind. App. 592, 181 N. E. 2d 644; also, *Harmon* v. *Arthur* (1963), 134 Ind. App. 526, 189 N. E. 2d 719; *Rife, etc.* v. *Karns* (1962), 133 Ind. App. 226, 181 N. E. 2d 239; *Newsom* v. *Pennsylvania Railroad Co. et al.* (1962), 133 Ind. App. 582, 181 N. E. 2d 240.

Pursuant thereto, the trial court has filed its special bill of exceptions including specifically therein why such motion for a new trial was granted, and the same is now a part of the transcript of record of this cause. The same in substance is that the evidence in this case is undisputed that the defendant, at the time the accident occurred, had stopped its train on the crossing only so long as necessary to complete a switching operation and had not permitted it to remain standing long

enough to become an obstruction. Under these circumstances, there was no violation by the defendant of the "stop and remain standing" statute. Furthermore, in driving his car into the side of the locomotive, on which there were several lighted lights, at a street crossing amply illuminated by street lights, plaintiff was guilty of contributory negligence as a matter of law.

We are now concerned with the propriety of the trial court's action. We find the rule of law applicable to the granting of a new trial by the trial court is well stated in §61.140, Vol. 4, p. 120, Lowe's Works and Practice Revised, wherein it is stated:

> "Where a new trial is *granted* by the trial court, the ruling will rarely be reversed. The granting of a new trial is a question of sound discretion, which will not be disturbed in an appellate court unless a flagrant case of injustice is made to appear.
>
> "To authorize a reversal of an order granting a new trial, three things must be shown: 1. That there was a plain abuse of judicial discretion. 2. That flagrant injustice has been done the complaining party. 3. A very strong case for relief." (Also see authorities cited therein.) See *Topper* v. *Dunn* (1961), 132 Ind. App. 306, 177 N. E. 2d 382.

It now appearing that one of the reasons that the trial court granted the motion for a new trial the appellant herein was guilty of contributory negligence as a matter of law by driving his car into the side of the locomotive on which there were several lighted lights at a street crossing amply illuminated by street lights.

We have carefully reviewed the evidence in this cause as the same appears by appellant's brief and the record, and we are of the opinion that the evidence was such as to warrant the court in arriving at the conclusion that a new trial was proper. It further

appears to us that circumstances made apparent by the evidence was such as to fully warrant the court to exercise his judicial discretion in the granting of a new trial. The action of the court below in granting a new trial in this case pursuant to the motion for a new trial duly filed is hereby affirmed, as is also the order of the court entered pursuant thereto.

Carson, C. J., Clements and Ryan, JJ., concur.

NOTE.—Reported in 194 N. E. 2d 828.