## FLEETWOOD ET AL. *v.* DENNY ET AL.

[No. 668A106. Filed October 14, 1969. Rehearing denied with opinion February 9, 1970. No petition to transfer filed.]

*Arthur H. Northrup,* Indianapolis, and *Allan H. Nierman,* of Brownstown, for appellants.

*Bruce Markel, Jr.,* Brownstown, and *Arch N. Bobbitt,* of Indianapolis, for appellees.

CARSON, J.—This is an appeal from a judgment of the Jackson Circuit Court in a cause tried by the court without jury. The appellants filed an action against the appellees for

partition of a famliy farm in Jackson County, Indiana. The appellees filed a counter-claim to quiet the title to said real estate in themselves and in the appellant, Helen F. Westlund.

The appellants' amended complaint alleged in substance that the appellants W. Claude Fleetwood (also known as William C. Fleetwood and W. C. Fleetwood) and his wife Nellie M. Fleetwood owned half of said farm and Mr. Fleetwood's sisters, Mrs. Westlund (an appellant) and the appellees Mesdames Denny, Wheeler, Thickston, Lyon and Layton each owned one-twelfth (1/12) of the farm (subject to a life estate of one-third (1/3) of Mrs. Layton's share in the name of Gene (Jean Fleetwood). The amended complaint further alleges that Bertha Bright is claiming some interest in said real estate. The amended complaint further alleges that the real estate is indivisible and should be sold.

The first paragraph of appellees' answer is an admission and denial pursuant to Rule 1-3, Rules of the Supreme Court of Indiana. Said paragraph admits the alleged one-twelfth (1/12) interests set out in the complaint and admits that Bertha Bright claims some interest in the real estate. The remaining rhetorical paragraphs of complaint being denied.

The appellees' counter-claim to quiet title alleged in substance that the appellees and the appellant Helen F. Westlund own said farm and asks that the title of said appellees and appellant Westlund be quieted against the claims of W. Claude Fleetwood and Nellie M. Fleetwood. After filing a motion to strike Paragraph II of appellees' answer on the ground that it violated Rule 1-3 of the Supreme Court of Indiana, which was overruled, the appellants denied Paragraph II of appellees' answer. Appellants filed an answer to the appellees' counter-claim which denied all of the statements in said counter-claim except the statement that the appellant Nellie M. Fleetwood claims an interest in the land adverse to the claim and title of any other party, which statement was admitted.

The appellees filed a motion for an abstract of title which motion was granted and the abstract filed in the cause. The court entered its findings and rendered judgment in favor of appellees.

The appellants timely filed motion for a new trial together with affidavits, to which appellees filed a memorandum opposing the motion for a new trial with counter-affidavits. An examination of the appellants' brief fails to show a copy of the motion for a new trial and also fails to show a copy of the assignment of errors although the argument portion of the brief purports to relate to both of these.

We have examined the motion for a new trial as disclosed by the record, and have considered the argument of the appellants based upon the motion for a new trial. The appellants discuss several propositions in the argument portion of their brief which were not raised in the motion for a new trial and are therefore not before us. The first specification that "the decision of the Court is not sustained by sufficient evidence", must be considered in light of the test in *Heckman* v. *Heckman* (1956), 235 Ind. 472, 134 N. E. 2d 695. We conclude that the evidence is in conflict and that there is sufficient evidence of probative value to support the decision of the trial court.

The second specification proclaims newly discovered evidence and this part of the motion is properly supported by affidavits. A consideration of the argument of appellants in support of this proposition fails to convince us that the evidence discovered would have any bearing on the case other than to test the credibility of the witness, Bertha Bright. This having been a trial by the court without jury, the court necessarily considered the effect of this newly discovered evidence when ruling upon the motion for a new trial. The effect of appellants' argument fails to meet the requirements that they show an abuse of discretion by the trial court.

In review of the trial court's decision denying a new trial on the ground of newly discovered evidence, we follow the

tests set out in two leading Supreme Court cases. *A.S.C. Corporation* v. *First Nat. Bank, etc.* (1960), 241 Ind. 19, 167 N. E. 2d 460, at page 35:

"The trial court here was the sole judge of the credibility of the witnesses, and the weight to be given documentary evidence; and any conflicts in the evidence or any reasonable inferences which might be drawn therefrom, are to be determined and drawn by him."

*N. Y. Central Ry. Co.* v. *Milhiser* (1952), 231 Ind. 180, 106 N. E. 2d 453 at page 189:

"It has been held many times that all reasonable presumptions are indulged on appeal in favor of the rulings and judgments of a trial court, that the record must exhibit the errors for which the reversal is sought, and that a court of appeals will not presume anything in favor of appellant to sustain his alleged error." (Citations omitted.)

And at page 23, *A.S.C. Corporation* v. *First Nat. Bank, etc.*, *supra:*

"The decision of the trial court comes to us clothed with the presumption that a correct result was reached and the burden is upon appellant here to overcome that presumption. *Souerdike* v. *State* (1952), 231 Ind. 204, 206, 108 N. E. 2d 136."

For the reasons herein above set out, the judgment of the trial court is affirmed.

Judgment affirmed. Costs v. appellants.

Lowdermilk, P.J., Cooper and Sullivan, JJ., concur.

NOTE.—Reported in 251 N. E. 2d 454.

## ON PETITION FOR REHEARING.

CARSON, J.—This court rendered a decision upon the merits of this cause on October 14, 1969.[1] We now entertain appel-

[1] *Fleetwood, et al.* v *Denny, et al.* (1969), 145 Ind. App. 404, 18 Ind. Dec. 690, 251 N. E. 2d 454.

lants' petition for rehearing in which it is asserted that certain propositions properly raised by appellants were not adequately disposed of by this court. Although our ultimate disposition of the cause is not affected, we will here discuss one specification of error properly raised by appellants and not adequately covered by our opinion on the merits.

The basic controversy in this cause arises from a dispute relating to the ownership of an alleged undivided one-half interest in the property involved. That same one-half interest was claimed by plaintiffs-appellants, W. Claude Fleetwood and Nellie M. Fleetwood, and adversely by defendant-appellee, Bertha Bright. The dispute evolved as a product of a series of transactions initiated in 1928. It is contended by appellants, W. Claude Fleetwood and Nellie M. Fleetwood, that, as shown by the Deed Record of Jackson County, on April 16, 1928, the disputed one-half interest was conveyed by Bertha Allen[2] and Lloyd Allen, as grantors, to grantees, James M. Fleetwood and wife and W. Claude Fleetwood and wife. That deed was recorded in the Jackson County Recorder's office on April 4, 1929.[3]

Upon motion of appellees the trial court ordered an abstract of title to be filed, which served to relate the foregoing chain of title to the disputed one-half interest. On the witness stand, for the first time, Bertha Bright denied execution of the purported warranty deed dated April 16, 1928. As to the issue of title relating to the above one-half interest, the court entered its finding as follows:

> "And the Court further finds that the purported Warranty Deed, dated April 16, 1928, and recorded April 4, 1929, in Deed Record 77, at page 594 thereof, in the office of the Recorder of Jackson County, Indiana, by which said deed Bertha Allen and husband, Lloyd Allen, purportedly

---

[2] Presently, Bertha Bright.

[3] It appears in appellants' brief that after the death of James M. Fleetwood, his wife, Manta, and her second husband quitclaimed her interest to W. Claude Fleetwood and Nellie M. Fleetwood, on July 27, 1955. Hence, the undivided one-half interest claimed herein by W. Claude Fleetwood and Nellie M. Fleetwood.

conveyed the real estate set out in plaintiffs' complaint herein to James M. Fleetwood and wife, and William C. Fleetwood[4] and wife, is a forgery, of no force and effect and conveyed no title to said real estate from said purported grantors to said purported grantees."

Appellants contend that admission of the testimony of Bertha Bright, by way of which she denied execution of the 1928 deed, was erroneous as a violation of Acts 1881 (Spec. Sess.), ch. 38, § 115, p. 240, Ind. Stat. Ann., § 2-1033, Burns' 1967 Repl., which reads as follows:

"Proof of execution of instruments—Verified plea—Exception—Right to inspection.—When a pleading is founded on a written instrument, or such instrument is therein referred to, or when an assignment, in writing, of such instrument is specially alleged in a pleading, such instrument or assignment may be read in evidence on the trial of the cause without proving its execution unless its execution be denied by pleading under oath, or by an affidavit filed with the pleading denying the execution. And when a written instrument, or assignment, is so pleaded or referred to, proof of the names of the makers, assignors, obligors, assignees, payees or obligees shall not be necessary, unless the same shall be denied by a pleading under oath or by an affidavit filed as aforesaid. The oath, in case that the time of assignment is questioned, shall be that the party has reason to believe, and does believe, that the assignment was not made before the suit was commenced; but executors, administrators or guardians, need not deny the execution of an instrument or the assignment thereof, under oath, but the same must be proved as if it were so denied. The party shall, in all cases, be entitled to an inspection of the instrument in writing, before pleading thereto."

The word "pleading" is defined by statute as follows:

"Definition.—The pleadings are formal allegations by the parties of their respective claims and defenses, for the judgment of the court."
Acts 1881 (Spec. Sess.), ch. 38, § 81, p. 240, Ind. Stat. Ann., § 2-1001, Burns' 1967 Repl.

---

[4] William C. Fleetwood referred to in Assignment of Errors as W. Claude Fleetwood.

Further, it is provided by statute that:

"Allowed pleadings.—The only pleadings allowed are: First. The complaint by the plaintiff.
Second. The demurrer and answer by the defendant.
Third. The demurrer and reply by the plaintiff."
Acts 1881 (Spec. Sess.), ch. 38, § 83, p. 240, Ind. Stat. Ann., § 2-1003, Burns' 1967 Repl.

Appellants contend that testimony of Bertha Bright, denying execution of the 1928 deed, should have been excluded, as no verified plea of *non est factum* was on file. A reading of § 2-1033, *supra*, the statutory replacement for the common-law plea of *non est factum*, reveals that a verified plea must be filed in an action where a party seeks to deny the execution of an instrument which is the foundation of a pleading, or where the instrument is referred to in a pleading.

The "pleadings" filed below were the complaint; the answer which consisted of an admission and denial and a counterclaim; and an answer to the counterclaim. None of the above pleadings refer to the 1928 warranty deed. Appellants contend upon appeal, in an attempt to align their position with the provisions of § 2-1033, *supra*, that the 1928 warranty deed was, in essence, the foundation of their action. However, appellants fail to explain the inconsistency between their position on appeal and the failure to comply with § 2-1031, Burns' 1967 Repl.[5]

The first reference to said deed appears of record in the abstract of title, which was supplied pursuant to the trial court's order. In our opinion, the abstract of title does not constitute a "pleading" within the meaning of § 2-1033, *supra*, and, therefore, it was not incumbent upon defendant-appellee,

---

[5] Acts 1881 (Spec. Sess.), ch. 38, § 113, p. 240, Ind. Stat. Ann., § 2-1031, Burns' 1967 Repl., provides that when a pleading is founded on a written instrument, said instrument or a copy must be filed with the pleading.

Bertha Bright, to deny execution of the purported 1928 warranty deed by a verified plea of *non est factum*.

Concluding that no error was committed by the trial court in the foregoing respect, appellants' petition for rehearing is denied, and the judgment remains affirmed with costs of this appeal to be taxed to appellants.

Appellants' petition for rehearing denied.

Lowdermilk, C.J., Cooper and Sullivan, JJ., concur.

NOTE.—Reported in 255 N. E. 2d 121.