STATE OF INDIANA *v.* BOWLING ET UX.

[No. 668S82. Filed March 20, 1970. No petition for rehearing filed.]

*John J. Dillon,* Attorney General, *Robert F. Hassett,* Deputy Attorney General, for appellant.

*William H. Williamson,* of Indianapolis, for appellees.

ARTERBURN, J.—Appellant initiated this condemnation action pursuant to Burns' Ind. Stat. Anno. §§ 3-1701 and 36-3105 to appropriate certain real estate owned by the appellees.

The trial court, following the filing of a complaint by appellant, appointed three appraisers for the purpose of ascertaining the compensation due the appellees by reason of the appropriation. The appellees filed exceptions to the report of the appraisers and the cause was thereafter set for trial by jury. A jury verdict in the amount of $5,925 was returned for the appellees. The appellees thereafter filed a motion for a new trial which the trial judge sustained. In granting the appellees' motion for a new trial the trial judge gave the following reasons:

> "The Court having heard oral argument on each of the specifications set out in Defendant's Motion for New Trial and having had said matter under advisement for ruling and after consideration of the conflicts in the documentary and testimonial evidence of record, the Court finds the verdict is against the clear preponderance of the evidence and for these reasons the Court concludes the verdict is contrary to manifest weight of evidence and said Court now sustains the defendant's Motion for New Trial on each of the specifications set out therein and a new trial is hereby granted."

It is from the sustaining of the appellee's motion for a new trial that the appellant has taken this appeal.

The granting of a new trial is properly within the sound discretion of the trial court. This is so because the trial judge is better able to judge the value of testimony. He is in a position to know and judge the character, fairness and interest of each witness and thus to weigh the evidence. It is said that a trial judge sits as a thirteenth juror. In the case of *Indianapolis etc., Traction Co.* v. *Harrell* (1922), 192 Ind. 188, 134 N. E. 871 we stated with reference to the trial judge:

> "The sufficiency of the evidence to the trial court is a mixed question of law and fact. When he passes upon this question, if he can say that the jury should not have found like they did, that they could not reasonably have found as they did, he should sustain the motion for a new trial."

On consideration of a motion for a new trial, the trial judge has an obligation to weigh conflicting evidence. An appeal court, which does not have the opportunity to observe the demeanor of witnesses upon the witness stand, cannot assume the responsibility of passing upon the credibility of witnesses or of weighing conflicting evidence. *Novak, Admr., etc.* v. *Chicago & C. Dist. Tr. Co.* (1956), 235 Ind. 489, 135 N. E. 2d 1.

With the above principles as our guide we proceed to the merits. In this case the evidence as to the damages suffered by the appellees by reason of the condemnation was in conflict. The record shows that three evaluations were introduced by the appellees' witnesses. The total damages estimated by these witnesses ranged from $13,620 to $25,000. Appellant's two witnesses placed appellees' damages in the $4,000 to $5,000 range. The evidence being in conflict, the trial judge had the duty to carefully weigh the evidence when the motion for a new trial was presented. A careful scrutiny of the record before us fails to reveal that there was an abuse of judicial discretion in this case.

It is argued that the items in the motion for a new trial do not cover an insufficiency of the evidence, although "contrary to law" is specified therein. Be that as it may, a trial court has an inherent power to grant a new trial to correct error on its own motion. 66 C. J. S. *New Trial,* § 115, p. 328.

Indiana Rules of Trial Procedure, Rule TR. 80 provides that the new rules shall be effective and applicable in all cases on and after January 1, 1970, unless an injustice results in their application. Rule TR. 59 (A) provides: The court *upon its own motion* or the motion of any of the parties . . ." (our emphasis) may enter an order correcting error. The trial court has exercised its discretion and duty in this case.

The court having acted within the statement made in its

record sustaining a motion for a new trial, we need not discuss the other reasons for sustaining such a motion.

The trial court's judgment granting the appellees a new trial is therefore affirmed.*

Hunter, C.J., Givan and DeBruler, JJ., concur; Jackson, J., concurs in result.

NOTE.—Reported in 256 N. E. 2d 392.

---

* This case was assigned to the writer of this opinion on February 16, 1970.