PRESNOPLES *v.* PRESNOPLES

[No. 969A169. Filed August 17, 1970. Rehearing denied
September 23, 1970. Transfer denied February 16, 1971.
Motion to reconsider transfer denied April 23, 1971.]

*Henry J. Price, Barnes, Hickam, Pantzer & Boyd,* of Indianapolis, for appellant.

*Palmer K. Ward,* of Indianapolis, for appellee.

PFAFF, J.—This appeal presents the question of whether or not the trial judge abused his discretion in granting the appellee's motion for a new trial, thereby committing reversible error.

On February 27, 1968, the appellant, Paul Presnoples, was granted an abolute divorce from the appellee, Rosalie Presnoples, on his cross-complaint filed in response to the appellee's petition for divorce.

The trial of this cause was originally scheduled for February 13, 1968, but was continued for a period of two weeks

by reason of the fact that appellee's counsel required additional time to examine the financial records of both parties. On the aforementioned date of the divorce, the parties entered into a separation agreement fixing the property rights of the respective parties. Under this agreement appellee was to receive all household furnishings and personal effects, a 1967 automobile and $5,500.00 in cash. In addition to various other articles, appellant was to receive "all securities including common stock, preferred stock, notes, bonds, investment certificates, treasury bills, passbook savings accounts, certificates of deposit or other evidence of indebtedness presently being held by or in the name of the Husband separately, the Husband and Wife jointly as tenants in common or as joint tenants with right of survivorship, or in the name of the Wife separately". This agreement was signed by both parties and their attorneys, and was approved by the trial judge. On the same day the appellee, in accordance with the above-stated terms, assigned all of her securities to the appellant by executing a one-page document which contained a concise statement that all securities, whether jointly or individually held, were to be transferred to the appellant.

On March 22, 1968, appellee filed her motion for a new trial, alleging therein by affidavit of counsel that by reason of "accident or surprise, which ordinary prudence could not have guarded against"[1] the property settlement represented by the separation agreement was unfair to the appellee in that it required her to transfer certain securities to her husband which were owned by her prior to her marriage to the appellant.

The affidavit filed with appellee's motion for a new trial recited that it was counsel's understanding that all securities owned by the appellee prior to her marriage were to remain her separate property and would be excluded from those

1. Acts 1881 (Spec. Sess.), ch. 38, § 420, p. 240, Burns' Ind. Stat. Anno., § 2-2401 (Third), repealed effective January 1, 1970, by Acts 1969, ch. 191, § 3, p. 715, the same being replaced by Indiana Rules of Civil Procedure, Rule TR. 59 (A) (2).

articles of property transferred in the settlement agreement, and that counsel "assumed" the agreement so provided. Counsel's affidavit further stated that he did not carefully read the settlement agreement prior to the time he signed the same and requested the appellee to sign it, and that the provision which makes the agreement unjust was not discovered until three weeks after the conclusion of the trial.

The appellant filed a memorandum in opposition to the motion for new trial, which was also supported by affidavit of counsel. Therein it was stated that both the settlement agreement and the assignment of securities were executed on the same day, signed by both parties and their attorneys, and that both documents clearly and specifically provide on their face that all securities owned by the appellee-wife were to be transfered to the appellant-husband. The trial court granted appellee's motion for a new trial on the foregoing evidence.

In seeking a new trial by reason of "accident or surprise", it is imperative that the party seeking a new trial establishes that proper or due diligence was used in an attempt to avoid the claimed accident or surprise. *New York Central Railroad Co.* v. *Sarich* (1962), 133 Ind. App. 516, 526, 180 N. E. 2d 388 (Transfer denied). *Oglebay* v. *Tippecanoe Loan, etc., Co.* (1908), 41 Ind. App. 481, 486, 82 N. E. 494.

Failure to establish the exercise of due diligence in the motion itself or by affidavit or memorandum in support thereof precludes the sustaining of a motion for a new trial. In the case at bar, the record contains nothing capable of satisfying our requirement that due diligence be exercised in attempting to avoid the claimed "accident or surprise." The pleadings on which the trial court determined that a new trial should be granted disclose only two significant facts: (1) that appellee's counsel failed to read the document of which he now complains at the time it

was approved by the court, and (2) that the document, on its face, provides that securities owned by the appellee were to be transferred to the appellant. In asserting that the property settlement was to exclude securities owned by the appellee prior to her marriage to the appellant, appellee's counsel maintains that it was always his (counsel's) understanding that the appellee's securities were to remain her separate property; that he (counsel) did not carefully read the separation agreement; and that he (counsel) assumed that the agreement provides for the appellee's retention of her securities.

It is our opinion that the exercise of due diligence would mandate a careful examination of a proposed separation agreement. Failing in this, it cannot be said that the appellee was subject to "accident or surprise" which could not be avoided. Both the separation agreement prescribing the property settlement, and the one-page stock assignment are unambiguous as to the securities' transfers which were to be accomplished. Both documents were signed by the appellee, and the record is without an allegation that the appellee failed to read or comprehend the documents.

It was on the above-stated facts that the trial court granted the motion for a new trial. The trial court's determination of whether or not to grant a new trial is, in this jurisdiction, one which is allowed a great degree of discretion. *Bailey* v. *Kain* (1963), 135 Ind. App. 657, 192 N. E. 2d 486 (Transfer denied) ; *State* v. *Bowling* (1970), 253 Ind. 634, 256 N. E. 2d 392.

In exercising his discretion the trial court stated his reasons for granting the motion for a new trial. They are, in pertinent part, as follows:

"1. The Court finds that at the time of the signing of the settlement agreement herein the parties did not discuss the settlement of any securities which were in the name of the said Petitioner, individually.

"2. That there was never any discussion between the

parties or the attorneys herein that the said petitioner was to give up her interests in Lamtron Industries, Inc., and Associated Oil & Gas Company, which securities were held in the petitioner's individual name and some of which had been purchased by her prior to her marriage to Respondent herein.

"3. That the only personal property that the parties discussed was alimony, certain furniture, dishes and silver and an automobile that was titled in the name of petitioner.

"4. That the settlement agreement did not represent a true and just settlement between the parties hereto and the same is set aside and held for naught."

It is the appellant's contention that these findings do not conform to the evidence before the trial court at the time he entered his ruling. The contention is valid. The only evidence introduced in support of or against the granting of the new trial is contained in the affidavits of counsel. The securities mentioned in paragraph No. 2 of the order granting the motion for a new trial are not mentioned in the affidavits of counsel; nor are they elsewhere mentioned in the record of this cause. Paragraph No. 1 of the court's order also contradicts the records in that appellant's counsel's affidavit in opposition to the granting of the motion for a new trial specifically stated that certain securities owned individually by the appellee-wife were included in the property settlement negotiations. This statement was not contradicted by the original affidavit filed in support of the motion for a new trial by counsel for the appellee, nor was it countered by the submission of an affidavit in reply.

It appears from the record before us that due diligence was not exercised in attempting to avoid the claimed "accident or surprise" and, further, because the order granting the motion for a new trial does not conform to the evidence presented in this cause, the trial judge abused his discretion in ordering a new trial.

Judgment reversed with instructions to overrule appellee's motion for a new trial and to enter judgment in accordance

with the original judgment of record rendered on February 27, 1968.

Hoffman, P.J., Sharp and White, JJ., concur.

NOTE.—Reported in 261 N. E. 2d 75.