MARY KELLY *v.* NELLIE BUNCH.

[No. 572A217. Filed October 4, 1972. Rehearing denied
November 8, 1972. Transfer denied April 9, 1973.]

*John M. Clifton, Jr., J. A. Bruggeman, Barrett, Barrett &*
*McNagny,* of Fort Wayne, for appellant.

*Howard B. Sandler, Neil F. Sandler,* of Fort Wayne, *Ed-*
*ward N. Smith,* of Fort Wayne, for appellee.

HOFFMAN, C.J.—The sole issue presented by this appeal is
whether the granting by the trial court of the motion to correct
errors filed by plaintiff-appellee was correct. The portion of
TR. 59, Indiana Rules of Procedure, that is here involved is
TR. 59(A)(6), which reads as follows:

"(A) Motion to correct errors—When granted. The court
upon its own motion or the motion of any of the parties

for or against all or any of the parties and upon all or part of the issues shall enter an order for the correction of errors occurring prior to the filing thereof, including, without limitation, the following:

\* \* \*

" (6) Newly discovered material evidence which could not, with reasonable diligence have been discovered and produced at the trial; \* \* \*."

The pertinent facts may be summarized as follows:

Plaintiff Nellie Bunch brought suit against defendant Mary Kelly to recover for personal injuries allegedly resulting from the negligence of defendant Mary Kelly. Trial was to a jury which returned its verdict for the defendant and judgment was entered in accordance therewith "that plaintiff take nothing by her complaint."

Plaintiff Bunch then filed her motion to correct errors pursuant to TR. 59(A)(6), *supra,* based on the "existence of newly discovered material evidence," and pursuant to TR. 59(E)(1), Indiana Rules of Procedure, requested the trial court to grant a new trial. Attached to the motion to correct errors was the affidavit of Betty Archer, a witness to the automobile collision from which the injuries here complained of arose, and the affidavit of Edward N. Smith, attorney for the plaintiff.

The trial court granted plaintiff's motion to correct errors, and in doing so entered a memorandum opinion, a portion of which reads as follows:

"The evidence at the hearing on Plaintiff's motion to correct errors and by affidavit shows that upon investigating the collision Plaintiff's attorney learned that a Betty Roark had witnessed the accident. Further search revealed that Betty Roark had moved from Fort Wayne and was living in California. Plaintiff's attorney then contacted the California State Bar Association to furnish a lawyer to take her deposition. Before the deposition could be taken, Plaintiff's attorney was advised that Betty Roark had moved from California and was rumored to be in Chicago, Michigan or 'somewhere in the West.' Not until the date of the trial

did Plaintiff's attorney discover that Betty Roark had remarried and was now Betty Archer.

"On the basis of the evidence, and in order to prevent a manifest injustice, the court now grants Plaintiff's motion to correct errors and pursuant to Trial Rule 59 (E) (1) hereby grants a new trial in this cause."

From the above order, defendant-Kelly has brought this appeal. See: Rule AP. 4, Indiana Rules of Procedure.

Our research has disclosed many cases dealing with the granting of a new trial because of newly discovered evidence. In each case, the reviewing court has apparently applied substantially the same test, however, over the years, the test has evolved in many and varied forms in accordance with the facts of each case. It would here be impossible to set forth the various tests that have been applied by reviewing courts in the past. At best, we can only synthesize the general rules that are applicable to the case at bar.

A motion for a new trial based on newly discovered evidence should be received with great caution and the alleged evidence should be carefully scrutinized. The newly discovered evidence must be material, and must be more than just cumulative or impeaching. The party seeking a new trial because of newly discovered evidence must show that the evidence is such that it could not have been discovered before the trial by the exercise of due diligence, and must show that the evidence is such that it would reasonably and probably result in a different verdict. The granting of a new trial because of newly discovered evidence is a matter which rests within the sound discretion of the trial court, whose decision will be disturbed only for a manifest abuse thereof. Where a new trial is granted by the trial court, its ruling will rarely be disturbed. See: *Keyton* v. *State* (1972), 257 Ind. 645, 278 N. E. 2d 277; *Taylor* v. *State* (1971), 256 Ind. 92, 267 N. E. 2d 60; *Fultz* v. *State* (1968), 250 Ind. 43, 233 N. E. 2d 243, 12 Ind. Dec. 620; *Tungate* v. *State* (1958), 238 Ind. 48, 147 N. E. 2d 232; *Fleetwood et al.* v. *Denny et al.* (1969),

145 Ind. App. 404, 251 N. E. 2d 454, 18 Ind. Dec. 690; *Trivett* v. *Trivett* (1968), 143 Ind. App. 643, 242 N. E. 2d 44, 16 Ind. Dec. 131; *Rans* v. *Pennsylvania Railroad Co.* (1963), 136 Ind. App. 1, 194 N. E. 2d 828, 2 Ind. Dec. 511 (transfer denied) ; *Baptist Church etc., et al.* v. *Stalker, et al.* (1961), 132 Ind. App. 37, 172 N. E. 2d 888 (transfer denied).

In the instant case, the affidavits attached to the motion to correct errors along with the other evidence that was before the trial court led the trial court to conclude that the evidence was such that it could not have been discovered prior to trial by the exercise of due diligence, and that the evidence was such that it reasonably and probably would have resulted in a different verdict. While reasonable men might have reached a different conclusion based on the same evidence, this court may not weigh the evidence nor disturb the conclusion of the trial court where, as here, the evidence before it provided a sufficient probative basis for the result. The trial court did not abuse its discretion in granting the motion to correct errors.

We cannot agree with appellant's contention that the "facts, as shown by the record, amply disclose that the witness and evidence to be elicited from her *were not discovered after the trial* * * * but were known * * * before trial." The facts viewed most favorably to the appellee show that the identity of the witness was known before trial, however, the whereabouts and the change of name of the witness were unknown until the day of the trial or thereafter. Due diligence on the part of counsel for plaintiff-appellee did not locate the witness. Therefore, in practical effect, the testimony of the witness could not have been discovered and produced at the trial. Cf. *Taylor* v. *State, supra.*

The second contention argued by the appellant is that "[t]he motion to correct errors * * * does not disclose the testimony to be elicited * * * was * of such a nature that had it been admitted in evidence it would have reasonably and probably

produced a different verdict." We cannot accept this contention because the trial court heard the evidence and observed the witnesses in the original trial, and determined that the affidavit contained facts which, if admitted into evidence, would reasonably and probably result in a different verdict. We can find no abuse of discretion in regard to this determination.

Finally, we cannot agree with appellant's contention that appellee cannot "obtain a new trial without filing a motion for a continuance prior to the trial." The record before us shows that the trial was held over four and one-half years after the action was first commenced. The affidavit of appellee's attorney shows that a diligent attempt was made to procure the witness in the interim. Under certain circumstances a new trial will not be granted where ordinary prudence was not exercised in the first instance. *Presnoples* v. *Presnoples* (1970), 147 Ind. App. 391, 261 N. E. 2d 75, 22 Ind. Dec. 415 (transfer denied). However, in the instant case appellee was not unreasonable in proceeding to trial even though there was a possibility that a previously fruitless search might eventually locate the witness.

The trial court did not abuse its discretion in granting appellee's motion to correct errors.

The judgment of the trial court is affirmed.

Sharp and Staton, JJ. concur.

NOTE.—Reported in 287 N. E. 2d 586.