WARREN M. ATKINSON, d/b/a ATKINSON HOTEL *v.* ROBERT K. WHIPPLE AND MAX A. THURSTON, d/b/a WHIPPLE, THURSTON & CO.

[No. 172A51. Filed December 13, 1972.]

*Jon D. Noland, Barnes, Hickam, Pantzer & Boyd,* of Indianapolis, for appellant.

*Henry C. Ryder, Ronald R. Snyder, Roberts & Ryder,* of Indianapolis, for appellees.

WHITE, J.—After trial without jury the court awarded to plaintiffs (Whipple) the demand of their complaint which alleged defendant (Atkinson) was indebted to them "for work in the nature of accounting services performed . . . for said defendant at said defendant's special instance and request, at various times and days *between June 1, 1969 and August 27, 1969.*[1] . . ." The case turns on the rationale underlying the trial judge's ruling excluding proffered opinion testimony attempting to establish that *all* services rendered by plaintiffs, including those rendered prior to June 1, 1969, were worth less than the amount plaintiffs charged. Plaintiffs had performed services for defendant beginning in the spring of 1968. There was no written contract. It is defendant's theory, however, that there was one indivisible contract under which all services were rendered. It is plaintiffs' theory that a new contractual arrangement was made May 22, 1969, and

---

1. Our emphasis.

the evidence most favorable to them supports that theory. That evidence is the testimony of Mr. Whipple concerning his meeting with defendant's representative, Mr. Smoots, after plaintiffs' Mr. Pollen had been taken off the job due to defendant's failure to pay monthly billings promptly. A three month arrearage was then paid and Mr. Pollen was returned to the job at Mr. Smoot's request. This last request is quite obviously the "special instance and request" in response to which the services rendered between June 1, 1969, and August 27, 1969, were performed.

Here we have a vintage pleading, a "common count" (or an adaption thereof), an invention of the era of issue pleading which has survived the fact pleading era and is still in vogue at the dawn of notice pleading.[2] Defendant answered it with a general denial as his only defense. Since no pre-trial order was entered, the trial commenced with the complaint and the answer as the only indicator of relevancy available to court and counsel as their guide to the admissibility of competent evidence.[3] That guide said the issues of whether services were performed and the value thereof if performed, were confined to the period June 1, 1969 to August 27, 1969.

In earlier stages of the trial the court permitted the defendant to attempt to expand the issues beyond the temporal boundaries fixed by the dates alleged in the complaint. When he eventually held that the value of services rendered prior to June 1, 1969, was not relevant (i.e., when he excluded the opinion testimony) his reason *could have been* that he was convinced by the weight of all the evidence then before him that the services rendered after June 1, 1969, were rendered pursuant to a new request made

---

2. 1 Work, PRACTICE AND FORMS (Watson's Rev., 1918), § 411, p. 292; 2 Gavit, INDIANA PLEADING AND PRACTICE (1942), § 234, p. 1645.

3. *Wyler* v. *Lilly Varnish Co.* (1969), 146 Ind. App. 91, 101, 252 N. E. 2d 824, 831, 19 Ind. Dec. 510, 519; *Indianapolis Transit System, Inc.* v. *Williams* (1971), 148 Ind. App. 649, 269 N. E. 2d 543, 550, 25 Ind. Dec. 482, 490.

after the rendition of services pursuant to any prior request, or requests, had been terminated. There was, as we have said, sufficient evidence to sustain such a finding. The presumption of regularity and freedom from error in which all trial court decisions are clothed requires us to assume that the reason we have stated was the trial judge's reason.[4]

The trial here involved was to the court without the intervention of a jury. The distinction between questions of fact and questions of law therefore lacks the significance it might have had if the trial had been to a jury. We express no opinion concerning questions which could arise out of the right to trial by jury. We suggest, however, that this may be but one of the areas in which full utilization of pre-trial procedures may yield pitfall-avoiding-benefits to which the glare of the apparent time consuming features of pre-trial may have blinded us.

Judgment affirmed.

Buchanan, P.J., and Sullivan, J., concur.

NOTE.—Reported at 290 N.E.2d 131.

---

4. *Fleetwood* v. *Denny* (1969), 145 Ind. App. 404, 407, 251 N. E. 2d 454, 456, 18 Ind. Dec. 690, 693.