STATE OF INDIANA *v.* IRA J. ANDERSON, HATTIE B. ANDERSON (H&W) AND CITIZEN'S NATIONAL BANK OF TELL CITY.

[No. 572A222. Filed December 27, 1972.]

*Theodore L. Sendak,* Attorney General, *Stephen J. Cuthbert,* Deputy Attorney General, for appellant.

---

*John D. Clouse,* of Evansville, *William E. Brady,* of Tell City, *Paul R. Mason, Richard Wetherill,* of Rockport, for appellees.

ROBERTSON, P.J.—The state is appealing a $22,000 award to the Andersons in a highway condemnation suit tried before a jury. The state represents the issue as whether they were denied a fair trial because of certain surprise testimony given by the Andersons. Anderson states the issue as to whether there was sufficient evidence to support the jury's verdict.

A summary of facts relevant to this appeal are:

Rouse, the only witness on value for the state, testified that he met with Mr. Anderson and two other appraisers on the Anderson property for the purpose of reappraising the property to be taken. Mr. Anderson, on rebuttal, testified he did not know Rouse or the other two men, nor did they examine his property. Mrs. Anderson then testified that she had not seen Rouse on the property, nor did she have any knowledge of a letter written by Mr. Anderson requesting a reappraisal of their property.

After the trial the letter in question was discovered in a highway commission file. The substance of the letter written by Mr. Anderson was a request for a reappraisal. In the state's motion to correct errors the letter was set out as well as the affidavits of those who met with Mr. Anderson at his farm sometime in August of 1969. The motion to correct errors was overruled.

The evidence at the trial had the value of the property to be taken ranging from a low of approximately $9100 to a high of about $45,000.

It is the state's theory that the use of the letter for the impeachment of the Andersons' testimony would result in a lower verdict.

Trial Rule 59 (A) (2), IC 1971, 34-5-1-1, allows a motion to correct errors based upon "accident or surprise which ordinary

prudence could not have guarded against". This is a restatement of the former Ind. Ann. Stat. § 2-2401 (Burns 1968), IC 1971, 32-4-5-1. An analysis of case law reveals a heavy burden on the moving party to prevail on such a premise. See 4 Harvey & Townsend, Indiana Practice 160.

We are of the opinion that the following quote from *Presnoples* v. *Presnoples* (1970), 147 Ind. App. 391, 261 N.E.2d 75, is helpful in deciding the issue at hand, namely:

> "In seeking a new trial by reason of 'accident or surprise', it is imperative that the party seeking a new trial establishes that proper or due diligence was used in an attempt to avoid the claimed accident or surprise. New York Central Railroad Co. v. Sarich (1962), 133 Ind. App. 516, 526, 180 N.E.2d 388 (Transfer denied); Oglebay v. Tippecanoe Loan, etc., Co. (1908), 41 Ind. App. 481, 486, 82 N.E. 494." 261 N.E.2d at 77.

When it is considered that the letter in question was referred to at the trial, as indicated in the state's question to Mrs. Anderson, we are of the opinion that the due diligence requirement has not been satisfied. Not only did the letter exist in fact, but state's witness Rouse was sufficiently aware of the letter that he, as well as two other appraisers, reinspected the property to be taken.

Paraphrasing a portion of the rationale of the *Presnoples* case, *supra*, we would consider due diligence to consist of an awareness of the contents of the highway commission files as it pertained to the subject litigation. If the contents of these files are not transmitted to the attorney trying the case it cannot be "accident and surprise" in the same context as used in TR. 59 (A) (2). Or, as was said in *Jessop* v. *Werner Transportation Co.* (1970), 147 Ind. App. 408, 261 N.E.2d 598, the state has "failed to meet the statutory test" of surprise when ordinary prudence would have guarded against it.

Additionally, from a procedural standpoint, there was no suggestion of a continuance or withdrawal from submission

by the state. Such a procedure is necessary if surprise testimony is encountered. See: *Cushman Motor Delivery Co.* v. *McCabe, Admr.* (1941), 219 Ind. 156, 36 N.E.2d 769, and *State ex rel. Roberts* v. *Graham, Trustee* (1953), 231 Ind. 680, 110 N.E.2d 855. We do not feel such a requirement is unrealistic in the instant case, since reference was made to the letter during the trial.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 290 N.E.2d 510.