**In re the Marriage of Joyce A. DREF-LAK and William F. Dreflak.**

**No. 2–478A134.**

Court of Appeals of Indiana,
Second District.

April 7, 1980.

David W. Foley, Indianapolis, for appellant.

Louis H. Borgmann, Indianapolis, for appellee.

BUCHANAN, Chief Judge.

ON PETITION FOR REHEARING

On Petition for Rehearing appellant Wife claims the trial judge erred in excluding the liquor store business which the Husband inherited prior to their separation as part of the marital property subject to division, and therefore this case should be returned to the trial court for retrial.

In our decision, handed down August 8, 1979, we recited in the Facts that "the court determined that the liquor store interest was not subject to distribution between the parties but remained his sole and separate property." We could also have stated that in her judgment the trial court recited that "[t]he court *has considered* the Husband's liquor store interest." (emphasis supplied). This language is followed by a finding in the judgment that "this property is not marital property subject to disposition", all of which creates an ambiguity.

It is true the inherited property should be part of "one pot" subject to division as required by *Ind.Code* 31–1–11.5–11(a). It is not certain, however, whether the trial court did or did not take the Husband's business interest acquired prior to separation into account in dividing the marital property. By the computation of both

parties the Husband got considerably less of the other assets than the Wife, which supports the position that the trial judge did *consider* the inheritance as required by the statute.

█ We will not presume the trial court erred, but rather will engage in any reasonable presumption in favor of the trial court's judgment. *Atkinson v. Whipple* (1972), 154 Ind.App. 449, 290 N.E.2d 131; *Kuykendall v. County Commissioners of Marion County* (1968), 142 Ind.App. 363, 234 N.E.2d 860.

Further, because of the ambiguity within the judgment we can find no abuse of discretion as found in *City of Elkhart v. Middleton* (1976), 265 Ind. 514, 356 N.E.2d 207.

Therefore, the Petition for Rehearing is denied.

SULLIVAN and STATON (sitting by designation), JJ., concur.