John P. CROSS, Appellee (Plaintiff Below),

v.

CITY OF GARY, Appellant (Defendant Below).

No. 3–882A185.

Court of Appeals of Indiana, Third District.

Nov. 28, 1983.

Rehearing Denied Jan. 18, 1984.

Dora A. Arechiga, Arlene D. Colvin, Asst. City Atty., Charles A. Ruckman, Corp. Counsel, Gary, for appellant.

W. Henry Walker, Maria Luz Corona, East Chicago, for appellee.

STATON, Judge.

A police officer of the City of Gary, Indiana (city) shot John Cross when Cross fled from an attempted arrest for a misdemeanor. Cross unsuccessfully sued the city for assault and battery. In his motion to correct errors Cross raised as error for the first time omissions in the jury instructions of how much force a police officer may use to arrest a fleeing misdemeanant. Reconsideration of the instructions prompted the trial court to grant a new trial; it found that instruction number three was an incorrect statement of the law. On appeal, the city contends that the trial court was without the power to grant a new trial based on an instruction which was raised for the first time in Cross's motion to correct error and which does not amount to a fundamental error.

Affirmed.[1]

■ The city correctly contends that pursuant to case law and Ind.Rules of Procedure, Trial Rule 51, this Court generally does not review an instruction which was raised for the first time in a motion to correct errors.[2] However, the content of the instruction is not the issue directly be-

1. On cross-appeal, Cross asked this Court to review insufficiency of the evidence as an alternate ground for a new trial. Our disposition of this case makes it unnecessary for us to review this matter. In addition, the city claims that instruction number two cured any error in instruction number three:

 "A public officer in the lawful discharge of his duties is privileged to use only that force which is reasonable and necessary to effect an arrest. If the force used in this case was reasonable and was incident to a lawful arrest, it was privileged."

 Because our review of instruction number three is merely collateral to the issue, we need not consider the effect of instruction number two on instruction number three.

2. Trial Rule 51(C) reads as follows:

 "(c) Objections and requested instructions before submission. At the close of the evi-

fore us. Rather, the procedural posture of this case limits our review to the trial court's act of granting a new trial.

The trial court has wide discretion to correct errors and to grant new trials. *Clouse v. Fielder* (1982), Ind.App., 431 N.E.2d 148, 160; *Presnoples v. Presnoples* (1970), 147 Ind.App. 391, 394, 261 N.E.2d 75, 77; TR. 59(J)(1). We will reverse the grant only if it was clearly an abuse of the trial court's discretion. *Id.* An abuse of discretion has been defined as follows:

"An abuse of discretion is an erroneous conclusion and judgment, one clearly against the logic and effect of the facts and circumstances before the Court or the Reasonable [*sic*], probable and actual deductions to be drawn therefrom."

*Urbanational Developers, Inc. v. Shamrock Engineering* (1978), 175 Ind.App. 416, 372 N.E.2d 742, 746. Therefore, if the evidence shows that instruction number three may have been an inadequate statement of the law as applied to this fact situation, we cannot say that the trial court has abused its discretion, and we will affirm the grant of a new trial. *Durham v. State* (1927), 199 Ind. 567, 572, 159 N.E. 145, 146.

Instruction number three was intended to explain the amount of force which police officers may use to arrest a fleeing misdemeanant. It reads as follows:

"A public officer in the lawful discharge of his duties may use all the force that is reasonably necessary to accomplish the arrest, excepting that he may not kill him or inflict great bodily harm, endangering his life; he may overcome resistance to an arrest with such force, short of taking life as is necessary, and, if

absolutely obliged to do so, may seriously wound or kill the defendant to prevent the defendant from seriously wounding or killing him."

This instruction was based on the law as stated by the Indiana Supreme Court in *Durham, supra* at 574–75, 159 N.E. 145 at 147: [3]

"(A) that an officer having the right to arrest a misdemeanant may use all the force that is reasonably necessary to accomplish the arrest, except

"(B) that he may not, merely for the purpose of effecting the arrest, kill or inflict great bodily harm endangering the life of the misdemeanant; thus an officer may not kill or shed blood in attempting to arrest a misdemeanant who is fleeing, but not resisting.

"(C) That if the defendant physically resists, the officer need not retreat, but may press forward and repel the resistance with such force, short of taking life, as is necessary to effect the arrest; and if in so doing, the officer is absolutely obliged to seriously wound or take the life of the accused, in order to prevent the accused from seriously wounding or killing him, he will be justified."

In the *Durham* case, Durham resisted arrest for a misdemeanor. *Id.* at 570–71, 159 N.E. 145 at 146. The arresting officer fired a warning shot. *Id.* When Durham continued to resist by striking at the officer with wooden oars, the officer shot him. *Id.* Durham successfully sued the officer for assault and battery. *Id.* at 569–70, 159 N.E. 145 at 145. On appeal, the Court reversed the judgment because the trial court had erroneously instructed the jury that an officer may not use deadly force to arrest a

dence and before argument each party may file written requests that the court instruct the jury on the law as set forth in the requests. The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury, but the court shall instruct the jury after the arguments are completed. No party may claim as error the giving of an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury. The

court shall note all instructions given, refused or tendered, and all written objections submitted thereto, shall be filed in open court and become a part of the record. Objections made orally shall be taken by the reporter and thereby shall become a part of the record."

**3.** The instruction also cited for support *Johnson v. State* (1929), 201 Ind. 264, 167 N.E. 531 which merely cited *Durham* for the amount of force a police officer may use to make an arrest.

resisting misdemeanant. *Id.* at 572–73, 159 N.E. 145 at 146, 148.

Rather than state the law from *Durham* verbatim, the trial court omitted the facts that Cross was a *fleeing misdemeanant.* It broadly instructed the jury that an officer may not use deadly force to make an arrest unless the arrestee resists to the extent of endangering the officer's life. These omissions must have been the error upon which the trial court based its grant of a new trial.[4] *See Johnson, supra* 201 Ind. at 274, 167 N.E. 531 at 534. Even though instruction number three is not an incorrect statement of the law, we can not say that the trial court abused its discretion by granting a new trial. *See Durham, supra* 199 Ind. at 572, 159 N.E. 145 at 147–48.

The evidence supports an instruction which would be more specifically tailored to a verbatim statement of the law set forth in *Durham, supra* at 574–75, 159 N.E. 145 at 147. *See, Presnoples, supra* 147 Ind.App. at 395, 261 N.E.2d at 78. Testimony most favorable to the court's decision to grant a new trial revealed that Cross was, at most, a misdemeanant who fled and who did not resist arrest. In addition, an expert testified that unless an officer is in fear of his life, he is not justified in using deadly force to arrest a fleeing misdemeanant. Therefore, we cannot say that the trial court abused its discretion by granting to Cross a new trial because instruction number three did not specifically set forth the law as it applied to this particular fact situation. *See Durham* 199 Ind. at 572, 159 N.E. 145 at 146.

Affirmed.

BUCHANAN, C.J. (by designation), concurs.

GARRARD, J., concurs with opinion.

GARRARD, Judge, concurring.

I concur with the majority view that where the trial court elects to grant a new trial, its decision is reviewable for an abuse of discretion.

The fact that plaintiff did not object to Instruction No. 3 does not preclude the trial court per se from granting relief.

I also agree with the majority statement that the instruction is in fact not an incorrect statement of the law. It was, however, capable of being confusing and misleading to the jury in view of the undisputed evidence that Cross was attempting to flee at the point in time when he was shot. Regretfully the trial judge did not specify his reason with precision, but I believe that was the fair intendment of his statement that the instruction was not a correct statement of the law.

I therefore concur.

---

4. The language used by the trial court in granting Cross's motion to correct errors reads as follows:

 "The Court, having taken plaintiff's Motion to Correct Errors under advisement, now grants said Motion and orders a new trial. The Court makes its decision based on TR 59A(5) in that the final instruction number 3 was not a correct statement of the law. For said reason, a new trial is ordered."

TR. 59(A)(5) reads as follows:

 "(A) Motion to correct error—Bases for. The bases for a motion to to [*sic*] correct error are established, without limitation, as follows:

 "(5) Uncorrected error of law occurring and properly raised in the proceedings or prior to, at or subsequent to the trial;"