## SCHICK *v.* BLAKESLEY.

[No. 11,052.  Filed March 15, 1922.  Rehearing denied June 21, 1922.  Transfer denied June 26, 1923.]

1. NEW TRIAL.—*Newly-Discovered Evidence.—Showing of Due Diligence.—Requisites.—Diligence.*—To establish the fact that a party seeking a new trial for newly-discovered evidence has exercised due diligence, applicant must set forth the facts constituting due diligence, and not mere conclusions.  p. 257.

2. NEW TRIAL.—*Newly-Discovered Evidence.—Showing of Due Diligence.—Requisites.—Character of Investigation.*—Where an applicant for new trial for newly-discovered evidence states that he made an investigation before trial, he must state the kind and character thereof.  p. 257.

3. NEW TRIAL.— *Application.— Sufficiency.— Showing of Due Diligence.*—A statement by an applicant for new trial for newly-discovered evidence that he had discovered two persons who would testify as to certain admissions was insufficient, where he failed to state why he did not discover them before trial, who they were, where they lived with reference to applicant, their relationship or acquaintance with the parties, etc.  p. 258.

4. NEW TRIAL.—*Burden of Applicant.*—An applicant for new trial for newly-discovered evidence must establish every element of his application strongly, clearly and satisfactorily.  p. 258.

5. NEW TRIAL.—*Newly-Discovered Evidence.—Character of Evidence.*—To be ground for new trial, newly-discovered evidence must not be merely cumulative, contradictory or impeaching in its character, but it must be so strong and convincing that it would likely produce a different result at another trial.  p. 258.

6. NEW TRIAL.— *Newly-Discovered Evidence.— Presumptions.—*
The presumption is that an applicant for new trial for newly-
discovered evidence might have discovered it in time for use
at the trial, whether it be of the *res gestae* or of admissions
made before trial.   p. 259.

From Allen Superior Court; *William N. Ballou,*
Judge.

Action by Martin J. Schick against Louis Blakesley
for a new trial of an action by the latter against the
former.   From a judgment for defendant, the plaintiff
appeals.   *Affirmed.*

*Colerick & Hogan* and *Heaton & Heaton,* for appel-
lant.
*Leonard, Rose & Zollars,* for appellee.

NICHOLS, J.—This action was for a new trial in the
case of Blakesley v. Schick, which had been tried in the
Allen Superior Court, and which had resulted in a judg-
ment against defendant, appellant herein, for $5,000.
The action was commenced after the time for filing a
motion for a new trial had expired, and is based on
alleged newly-discovered evidence.

It is averred in the complaint herein that at the time
of the original action the evidence given by appellee and
his witnesses was substantially that appellee was riding
his bicycle about 9 o'clock in the morning, November
11, 1918, in a northerly direction on Broadway, in the
city of Fort Wayne, at a rate of speed of about four
or five miles per hour, and when he reached a point a
short distance from the intersection of Broadway and
Dewald streets, he noticed for the first time, the auto-
mobile operated by appellant.   When appellee was at
the intersection of said streets, appellant suddenly, and
without giving any signal of his intention so to do,
turned his automobile at a high and dangerous rate of
speed off of Broadway and in an easterly direction onto

Dewald street, thereby making a left turn, and failed to pass by and to the right of the center of the intersection of said streets, without giving any signal of his intention to make such turn, and, without notice to appellee turned directly in front of him, and so close to him that he was unable to avoid being struck thereby causing the injuries for which the damages aforesaid were awarded him. That appellee testified that he saw the automobile, and that it had turned abruptly and quickly in front of him, so near to him as to prevent him from stopping his bicycle, or getting off the same, and that appellant's automobile struck his bicycle throwing him to the ground.

It is further averred in the complaint that appellant's witnesses, including himself, had testified that the appellant was driving his automobile at a rate of speed less than fifteen miles per hour, and that he made a turn to the left of the center of the intersection of said streets from Broadway onto said Dewald street; that at the time he made said turn, he noticed that appellee was riding his bicycle a considerable distance, approximately seventy-five to 100 feet, south of said intersection; that after his automobile had traveled twenty or thirty feet, appellee on his bicycle was going at such a rate of speed as to travel said seventy-five or 100 feet and run into and against the rear part of appellant's automobile; that the appellee was riding his said bicycle without looking where he was going; that at the time the bicycle and automobile came into collision, the appellee was not looking in the direction he was going; that he was looking in a different and easterly direction, and that he deliberately ran into and against the rear portion of the appellant's automobile. Appellant further avers in his complaint that after the expiration of the thirty days allowed by statute for the filing of a motion for a new trial, he discovered two

witnesses who would testify in substance, that appellee, before the commencement of the trial of said cause, and before the rendition of a verdict therein, had admitted to them on different occasions, and had stated to them on said occasions, that he, at the time of said accident, was in a hurry and that he was riding his bicycle with his head down and his hat, or cap, pulled over his eyes without paying any attention to where he was going and that he, appellee, thereby and because of said fact, ran into the automobile of appellant and that he was not looking, at said time, where he was going and was paying no attention to where he was riding or what he was doing, and that when he did pay attention to what he was doing and did look as to where he was riding, he found that he was running into the automobile of the appellant, but that he was going too fast, to avoid the injury; that when they asked him why he did not get off the bicycle he replied he was going too fast; that on one of said occasions when asked why he did not get off his bicycle, the appellee replied that he could not; that he was going too "damned" fast. This averment is supported by the affidavit of each of said witnesses. Appellant avers that he filed his complaint as soon as he could procure said affidavits, and that he did not discover such evidence until about ten days before he filed his complaint, and that he had used due diligence to discover such evidence in that he had personally investigated from time to time, previous to said trial, all persons who might be expected to have had knowledge of said facts or facts of a similar nature, and did investigate from time to time to ascertain if the appellee had made any statements to any persons of the kind and character so alleged; that in addition thereto, he had in his employ a person, who, among other things, sought from time to time to acquire all the evidence that could possibly be ascertained by him

bearing upon any of the facts involved in said cause, or likely to become involved, and who, from time to time, interviewed witnesses as to their knowledge as to any statements that might have been made by the appellee bearing upon his right to recover and as to other facts involved in said cause, but that he was unable to find any such evidence before the trial of said cause; that said evidence could not have been discovered until after the expiration of the time allowed by statute for the filing of a motion for a new trial.

Appellee's demurrer to this complaint was sustained, and error of the court in so ruling presents the only question for our consideration. It is well settled that, in order to establish the fact, the party seeking a new trial for newly-discovered evidence must show his due diligence by setting out the facts that constitute the same so that the court may determine therefrom whether such diligence is shown. It is not sufficient to set out conclusions, facts which are relied upon to constitute such diligence must be shown.

While it may be true that one would not be chargeable with a want of diligence because he had not made particular inquiry of all of the acquaintances of the adverse party as to conversations had with him on the subject-matter of his injuries, and that it would not be a want of diligence for one to fail to make a house to house canvass or to make inquiries of persons whom he happens to meet upon the streets for the purpose of discovering as to admissions, yet, if he stated that he has made investigation it is necessary for him to state the character and kind of such investigation.

In this case appellant states that he had discovered two persons who would testify as to certain admissions,

but he states nothing as to why he did not dis-
3. cover them before the trial. He gives us no in-
formation with reference to those two persons
who are ready to testify at another trial—who they
were, where they lived with reference to appellant and
to appellee, their relationship or acquaintance with ap-
pellee and appellant, the circumstances of his discover-
ing them, etc. For aught that appears by the complaint
these parties whose affidavits furnish the alleged
ground for the new trial may have been closely related
to appellant and in such close touch with appellee as
to have made it a want of diligence not to inquire of
them as to any admissions that appellee might have
made.

An unbroken line of decisions, both of the courts of
this state and of other states, show that he who seeks
a new trial for newly-discovered evidence must
4, 5. establish every element of his application strong-
ly, clearly and satisfactorily. Not only must he
show due diligence by specific facts, but the evidence
which he seeks to use at another trial must not be
merely cumulative, contradictory or impeaching in its
character, but it must be so strong and convincing in
its character that it would likely produce a different
result at another trial. Many authorities have an-
nounced these principles, among which we cite *Mor-
rison* v. *Carey* (1891), 129 Ind. 277, 28 N. E. 697; *Mc-
Donald* v. *Coryell* (1893), 134 Ind. 493, 34 N. E. 7;
*Donahue* v. *State* (1905), 165 Ind. 148, 74 N. E. 996;
*Cheek* v. *State* (1908), 171 Ind. 98, 85 N. E. 779;
*Franklin* v. *Lee* (1901), 30 Ind. App. 31, 62 N. E. 78;
*Brittenham* v. *Robinson* (1897), 18 Ind. App. 502, 48
N. E. 616; *Keisling* v. *Readle* (1891), 1 Ind. App. 240,
27 N. E. 583.

In the case of *Morrison* v. *Carey, supra,* the court
says: "A party seeking a new trial on account of evi-

dence discovered since the termination of the controversy between him and his adversary must, if he succeed, establish every element of such a case strongly, clearly, and satisfactorily. The strong presumption is that by the proper effort the party might have discovered the evidence and used it on the trial; and that his failure to do so is owing to intentional omission, or to unpardonable neglect, and to overcome this presumption a case must be made free from delinquency. The diligence used must be fully set forth in the application. If it consisted in making inquiries, the time, place, and circumstances must be stated, to the end that the court may know that such inquiries were made in the proper quarter, and in due season. It is not sufficient to state generally that he had been diligent in making inquiries of those whom he supposed likely to know anything of the case; all the facts constituting the diligence must be shown. The newly-discovered evidence must be of a very material and decisive character. It must not be cumulative, and should be such as to render it reasonably certain that another trial would bring about a different result." This authority is cited many times, and always with approval. By it, and by numerous other authorities of this state, some of which are more emphatic in their statements of the law, it is well established that in the case of an application for a new trial because of newly-discovered evidence the presumption is that by proper effort the party might have discovered the evidence in time to use it at the trial, and we find no difference as to the presumption whether the evidence be of the *res gestae* or of admissions made before the trial.

Appellant has not affirmatively shown by his complaint that he exercised such diligence in discovering the preferred evidence as to justify the court, under the law of this state, in granting him a new trial.

We hold that the court was fully justified in sustaining appellee's demurrer to the complaint.

The judgment is affirmed.