VIRGIL H. TROUT, HELEN TROUT *v.* SUMMIT LAWN CEMETERY ASSOCIATION, INC.

[No. 1-973A160. Filed June 26, 1974.]

*Samuel E. Beecher, Jr., Beecher & Kite,* of Terre Haute. for appellant.

*Amos P. Thomas, Thomas & Thomas,* of Brazil, for appellee.

LOWDERMILK, J.—Plaintiff-appellee is the owner of a certain cemetery in Clay County, Indiana, which has existed many years prior to the plaintiff-appellee coming into possession and ownership of the same.

Plaintiff-appellee brought its action to quiet title to a strip of land which will be hereinafter referred to as the "road," which ran from a public highway through and across appellee's cemetery grounds to a home which had been abandoned for a number of years and is now owned and occupied by the defendants-appellants, Trout. Trout had purchased the house and parcel of land from the plaintiff-appellee on November 13, 1961. At the time of the purchase the parties also executed an easement from the appellee to appellants Trout to a continuous strip of real estate leading from the Water Works Road on the east back to the property sold to Trout by the cemetery. This easement allowed Trout to construct a road over the 16 foot strip at his convenience but the

cemetery was under no obligation to build any road over said strip. Also included in the easement was a privilege granted to Trout to use the pre-existing road that is the subject of this action. The easement further contained an agreement by Trout as part of the consideration for the easement to secure a permanent means of ingress and egress to his property over and across lands of parties other than the cemetery. The easement further contained an agreement wherein Trout agreed to surrender possession of the easement strip and the described roadway on or before May 1, 1971, to the cemetery.

In November 2, 1961, Trout had secured an easement from Mr. and Mrs. Kumpf for ingress and egress over Kumpfs' property to the property purchased by Trout from the cemetery.

Plaintiff-appellee initiated this action to quiet the title of the strip and road covered in the easement granted by the cemetery to Trout. Trial was had to the court, with the court entering judgment quieting title to the aforesaid land in favor of plaintiff-appellee, as prayed in its complaint. Trout timely filed a motion to correct errors which was by the court overruled.

The first issue raised by Trout under the motion to correct errors is that a new trial should have been granted by the trial court as the result of newly discovered evidence in the form of a survey of the easement over the Kumpf property. This survey was not made until after the trial court had entered its judgment. During the trial, however, Mr. Trout testified that he believed there was an error in the description of the land covered by the Kumpf easement. Trout further testified that he and a neighbor had stepped off this ground and had determined that there was an apparent error in the description of approximately 13 feet. Trout admitted that he had not seen fit to have a survey made of this property prior to trial.

Trout attached to the motion to correct errors an exhibit, the same being a land survey map which had been made after the trial, stating that it would be introduced into evidence through the testimony of the surveyor to establish that there was no easement conveyed in the documents.

Trout based the request for a new trial on Ind. Rules of Procedure, Trial Rule 59(A)(6), which governs the granting of a new trial on the basis of newly discovered evidence. This court has recently discussed the test to be used when a new trial is requested on the basis of newly discovered evidence as follows:

> "*Kelly* v. *Bunch* (1972), [153] Ind. App. [407], 287 N.E.2d 586, summarizes a litigant's burden in seeking a new trial because of newly discovered evidence:
> 'A motion for a new trial based on *newly discovered evidence should be received with great caution and the alleged evidence should be carefully scrutinized.* The newly discovered evidence must be material, and must be more than just cumulative or impeaching. The party seeking a new trial because of newly discovered evidence must show that *the evidence is such that it could not have been discovered before the trial by the exercise of due diligence,* and must show that the evidence is such that it would reasonably and probably result in a different verdict. *The granting of a new trial because of newly discovered evidence is a matter which rests within the sound discretion of the trial court,* whose decision will be disturbed only for a manifest abuse thereof.' (Citations omitted.) (Emphasis supplied.)
> There is a strong presumption that the alleged evidence might have been discovered in time to use at trial. *Cobler* v. *Prudential Life Insurance Co.* (1941), 108 Ind. App. 641, 31 N.E.2d 678; *Schick* v. *Blakesley* (1923), 80 Ind. App. 253, 134 N.E. 498; *Morrison* v. *Carey* (1891), 129 Ind. 277, 28 N.E. 697." *Shaw* v. *Shaw* (1973), 159 Ind. App. 33, 304 N.E.2d 536, 541.

It is our opinion that due diligence was not used in securing the alleged newly discovered evidence, as Trout had adequate time to get a survey made before trial. The evidence in this case could readily have been discovered before the trial by the exercise of due diligence, as it was only a matter of getting

a surveyor to survey the land after serving notice on the adverse party. Thus, the trial court properly exercised its discretion in denying a new trial, based on TR. 59 (A) (6).

The second issue presented in the motion to correct errors is that the court's decision was not supported by sufficient evidence or is contrary to the evidence and thence proceeds in an argumentative nature from which we can also infer that the court's decision was claimed to be contrary to law, although it is not specifically so stated.

Under said second specification, Trout claims that the road over the cemetery property was used by Trout under a prescriptive easement in that said road had been used for a period of more than 50 years. It must first be noted that we are not dealing, in this case, with a situation wherein there is a way of necessity. Prior to purchasing his property Trout secured from Kumpf an easement which granted him ingress and egress.

Trout claims that the road crossing the cemetery land to his property comes under a prescriptive easement, as said road had been used for over 50 years for ingress and egress to the tract which is now his property. As stated above, the easement which was secured from the cemetery specifically covered not only a 16 foot strip which Trout could use if he wished, but also covered the road in question. Thus it can be seen that while there may have been a prescriptive easement over said road prior to November 13, 1961, on that date Trout and the cemetery made a specific written agreement establishing an easement by permission over said road. In the case of *Jann* v. *Standard Cement Co.* (1913), 54 Ind. App. 221, 102 N.E. 872, it was stated:

> ". . . Where there is a valid express agreement fairly made, the law does not indulge in presumptions, and the rights of the parties will be upheld according to the terms of such agreement. . . ."

At the time said written agreement was executed, there no longer existed a prescriptive easement over said road,

since the right to that easement was no longer hostile or adverse or under a claim of right, but was now permissive.

The written easement was quite specific and stated that said easement terminated on May 1, 1971, and pursuant to said agreement, the roadway and 16 foot strip was under the exclusive ownership and possession of the cemetery.

It is our opinion therefore that the trial court was correct in quieting title to the cemetery real estate.

Judgment affirmed.

Robertson, P.J. and Lybrook, J., concur.

NOTE.—Reported at 312 N.E.2d 498.