CHARLOTTE M. FARLEY *v.* BILLY JOE FARLEY.

[No. 1-376A37. Filed February 10, 1977.]

*Kenneth L. Nunn, Gregory D. Lantz,* of Bloomington, for appellant.

*George B. Mathes,* of Spencer, for appellee.

ROBERTSON, C.J.—The petitioner-appellant Charlotte Farley (wife) brings this appeal from the granting of a petition for dissolution of marriage and awarding custody of the minor child of the parties to the respondent-appellee Billy Farley (husband).

Five issues are presented for review:

1. Whether the trial court abused its discretion by failing to grant the wife's motion for continuance of the final hearing.

2. Whether the trial court committed error by refusing to set aside the judgment on the grounds of newly discovered evidence.

3. Whether the trial court committed error in overruling the wife's motion for change of judge and in refusing to disqualify himself.

4. Whether the trial court committed error by refusing to grant the wife's motion to dismiss the action as not properly before the court.

5. Whether the trial court abused its discretion in awarding custody of the parties' minor child to the husband.

Finding no reversible error, we affirm the trial court's decision.

The facts pertinent to this appeal show that the parties filed separate actions for dissolution of their marriage on the 6th of June, 1974. Each sought custody of their then four month old son. The trial court granted the husband's motion prohibiting the wife from removing the child from the jurisdiction of the court during the pendency of the suit or until further order of the court. The hearing regarding temporary custody was continued by agreement after assurance by the wife's attorney that she would remain within the jurisdiction of the court.

Several attempted reconciliations failed, and the wife, again pregnant, left Indiana to live with her parents in Texas in early April, 1975. The following August the husband sought a hearing on child custody. The wife, after receiving notice of the Indiana hearing, filed an action in Texas for dissolution and a determination of custody of the child. The husband then moved that the final hearing on the dissolution be combined

with the custody hearing. Notice was given to the wife and her counsel. Wife's counsel, after receiving notice of the hearing, advised the wife that she should retain another attorney (because of a potential conflict of interest). Her new attorney appeared at the final hearing and orally moved for a dismissal, for a continuance, and for a change of judge. All of these motions were overruled. The wife was not present at the hearing and did not present any witnesses.

The trial court dissolved the marriage and awarded custody of the child to the husband. The wife, by counsel, then sought a stay of enforcement and to amend the judgment. At the hearing on these motions, evidence was heard on, among other things, the mother's fitness for custody. Her trial counsel also introduced a doctor's note saying that the wife should not travel any distance because of her pregnancy. At this same hearing the wife's attorney attempted to call as witnesses the husband and the husband's mother who also was the court reporter. Neither was allowed to testify because they had been present and available to testify at the previous hearing on dissolution and custody. The wife's attorney also did not prevail on motions to set aside the decree and to have the trial judge disqualify himself The trial court did set another hearing at a time when the wife should be able to appear.

The wife's first issue alleges an abuse of discretion by the trial court in refusing her request for a continuance of the dissolution hearing.

Indiana Rules of Procedure, Trial Rule 53.4—Continuances, reads in pertinent part: "Upon motion, trial may be postponed or continued *in the discretion of the court,* and shall be allowed upon agreement of all the parties or upon a *showing of good cause* established by affidavit or other evidence." (Emphasis added.)

The burden is placed upon the wife as the moving party to establish "good cause" for such continuance. She asserts that the withdrawal of her counsel one week prior to the hearing

and her own inability to travel to attend trial were sufficient to establish "good cause" for continuance.

As this Court said in *Terry* v. *Terry* (1974), 160 Ind. App. 653, 313 N.E.2d 83, 91:

> "It cannot be doubted that under proper circumstances, the illness of a party litigant is sufficient grounds for a continuance . . . Further, while a trial judge may *sua sponte* grant a continuance because of a party's illness, such action is within the sound discretion of the judge and will not be disturbed on appeal absent a clear showing of abuse of discretion. The trial judge is in a position to best view the parties, appraise their difficulties, if any, and to act accordingly. In reviewing such actions, this court will not engage in speculation or supposition."

The wife was served notice of the hearing on motion for custody of child through her attorney of record on August 11, 1975. Actual notice was also sent to her by her attorney of record on August 22, 1975, that entry and motion for custody had been filed, advising her of the September 19 hearing date, and also advising her that her attorneys of record wished to withdraw from her case.

The trial court considered the lack of opportunity for the wife's present attorney to prepare, as well as her absence in light of her awareness (for approximately 30 to 40 days) of both the hearing scheduled for September 19 on the husband's motion for custody of child and the anticipated withdrawal of her original counsel; her continued violation of the June 6, 1974, restraining order; her commencement of action for dissolution of the marriage in the State of Texas; and the litigation she commenced which had been pending in the trial court for over a year.

We decline to reweigh the evidence which the trial court had available in making its ruling on the motion for continuance, and cannot, therefore, say as a matter of law that the trial court abused its discretion.

The wife next argues that the trial court committed error by refusing to set aside the judgment on the ground of newly discovered evidence.

At the October 3 hearing on the wife's motion for stay of enforcement of order and motion for immediate hearing, she, through her attorney, offered a motion to set aside the judgment on the basis of newly discovered evidence consisting of an affidavit by her attorney stating that he had been retained by her grandmother on the day prior to the final hearing and had not had sufficient time to prepare adequately for the hearing; affidavits by her grandmother and great-aunt attesting to her "fitness" as a mother; and an August 29, 1975, letter from her physician in Texas which advised her not to travel "any distance" due to her pregnancy.

The wife maintains that Clause 8 of Indiana Rules of Procedure, Trial Rule 60(B), which reads, in part: "On motion and upon such terms as are just the court may relieve a party or his legal representative from a final judgment, order, default or proceeding for the following reasons: . . . (8) any other reason justifying relief from the operation of the judgment" provides a basis for the remedy she seeks.

This Court has stated on more than one occasion, that:
that:

"An application for a new trial, made on the ground of newly discovered evidence, must be supported by affidavit and such affidavit or affidavits must contain a statement of the facts showing (1) that the evidence has been discovered since trial; (2) that it is material and relevant; (3) that it is not cumulative; (4) that it is not merely impeaching; (5) that it is not privileged or incompetent; (6) *that due diligence was used to discover it in time for trial;* (7) that the evidence is worthy of credit; (8) that it can be produced upon a retrial of the case; and (9) *that it will probably produce a different result. Cansler* v. *State* (1972), 258 Ind. 565, 281 N.E.2d 881; *Tungate* v. *State* (1958), 238 Ind. 48, 147 N.E.2d 232. In deciding whether a piece of newly discovered evidence would produce a different result the presiding judgment (sic) may properly consider the weight which a reasonable trier of fact would give it and, while so doing, may also evaluate its probable impact on a new trial in light of all the facts and circumstances shown at the original trial of the case." *Emerson* v. *State* (1972),

259 Ind. 399, 287 N.E.2d 867, 871, 872, cited in *Offutt* v. *Sheehan* (1976), 168 Ind. App. 491, 344 N.E.2d 92, 96, 97. (Emphasis added.)

This Court in *Offutt* also stated: ". . . there is a strong presumption that the evidence could have been discovered prior to trial, *Trout* v. *Summit Lawn Cemetery Association, Inc.*, (1974), 160 Ind. App. 552, 312 N.E.2d 498, 500, and that every such motion should be received with caution and carefully scrutinized." *Kelly* v. *Bunch* (1972), 153 Ind. App. 407, 287 N.E.2d 586, 588; *Shaw* v. *Shaw* (1973), 159 Ind. App. 33, 304 N.E.2d 536, 541; *Anderson* v. *State* (1928), 200 Ind. 143, 148, 161 N.E. 625.

The trial court held that the wife had 40 days' notice of the proceedings even if her attorney did not. The court also found that the affidavits by her grandmother and great-aunt, even when bolstered by testimony at the hearing, and the letter from her physician which was admitted into evidence, were not of sufficient weight to change the court's decision on the final hearing. The wife has not established a clear abuse of trial court's discretion which would compel this court to substitute its judgment for that of the trial court.

The next issue is whether the trial judge committed error in overruling the wife's motion for change of judge and in refusing to disqualify himself.

The wife argues that the trial court was prejudiced in favor of the husband because his mother served as court reporter in the Owen Circuit Court and was a social acquaintance of the judge.

In *Stein* v. *State* (1975), 166 Ind. App. 133, 334 N.E.2d 698, 699, 700, the Third District of the Indiana Court of Appeals observed:

"Our Supreme Court has held that a trial judge has the discretionary power to disqualify himself *sua sponte* whenever the existence of any semblance of judicial bias or impropriety in a proceeding in his court comes to his attention *See: State ex rel. Mosshammer* v. *Allen Superior Court*

(1965), 246 Ind. 366, 206 N.E.2d 139; *Joyce et al.* v. *Whitney et al.* (1877), 57 Ind. 550.

"Additionally, where a judge has an actual prejudice in reference to a cause, or is interested in the litigation or related to a party, justice requires that he refuse to hear such cause. *State ex rel. Mosshammer* v. *Allen Superior Court, supra; State ex rel. Purcell* v. *Circuit Court* (1950), 228 Ind. 410, 92 N.E.2d 843; *State ex rel. Parker* v. *Vosloh, Judge* (1944), 222 Ind. 518, 54 N.E.2d 650; *Joyce et al.* v. *Whitney et al., supra; Folger* v. *Barnard* (1919), 73 Ind. App. 523, 125 N.E. 460. (Transfer denied.)

"While the facts outlined hereinabove would be a sufficient basis for a discretionary self-disqualification by a trial judge, *it cannot be said that the record before us contains any objective evidence of actual prejudice by the trial judge so as to require his disqualification to ensure a fair trial.*

"Furthermore, *the facts relied upon by Stein in alleging judicial prejudice were known to him prior to the trial of this cause.* If the prejudice alleged by appellant existed, he could have obtained a change of venue from the trial judge at such time under the . . . Indiana Rules of Procedure . . ." (Emphasis added.)

It was the wife who filed her petition for dissolution of marriage in the Owen Circuit Court. She was then aware of the working relationship between her mother-in-law and the trial judge. However, she did not take advantage of Ind. Rules of Procedure, Trial Rule 76 which provides for an automatic change of venue.

We hold that where an alternative remedy was available to the wife which she did not elect to pursue, she thus waived her right to a change of judge under TR. 76, and, absent explicit evidence of actual prejudice, we find no error.

The wife next argues that the trial court committed error by refusing to grant her motion to dismiss the action as not being properly before the court.

She contends that the attempts at reconciliation by the parties, including the period of five months cohabitation, were sufficient to negate the allegation of "irretrievable breakdown" in the original petition for dissolution of marriage (IC 1971, 31-1-11.5-3) and that the petitions for dissolution should

have been automatically dismissed by the court following attempts at reconciliation pursuant to IC 1971, 31-1-11.5-8(a), (Burns Code Ed., Supp. 1976), which reads:

> "Final hearings—Continuance—(a) In an action pursuant to section 3(a) (subsection (a) of 31-1-11.5-3), a final hearing shall be conducted no earlier than sixty (60) days after the filing of the petition. *Upon the final hearing:* The court shall hear evidence and, if it finds that the material allegations of the petition are true, either enter a dissolution decree as provided in section 9(a) (subsection (a) of 31-1-11.5-9) or *if the court finds that there is a reasonable possibility of reconcilation,* the court may continue the matter and may order the parties to seek reconciliation through any available counselling. At any time forty-five (45) days after the date of the continuance either party may move for the dissolution of the marriage and the court may enter a dissolution decree as provided in section 9(a). *If no motion for the dissolution is filed, the matter shall be, automatically and without further action by the court, dismissed after the expiration of ninety (90) days from the date of continuance.*" (Emphasis added)

This section of the dissolution act does provide for an automatic dismissal but only after the court has had the opportunity to hear evidence at the final hearing and finds that there is a "reasonable possibility of reconciliation", whereupon the court may continue the matter and order the parties to seek reconciliation. If no motion for dissolution is filed ninety days after the continuance is ordered, only then will there be an automatic dismissal of the dissolution action. The wife, here, made an oral motion to dismiss at the final hearing before any evidence was heard by the trial court, and it would appear that the provisions of IC 1971, 31-1-11.5-8(a) would not apply to the facts of this case.

This Court recognizes that the trial court has the power to dismiss an action for want of prosecution, based upon the administrative discretion of the court over the conduct of its business. See: *State ex rel. Murray* v. *Estate of Heithecker* (1975), 167 Ind. App. 156, 338 N.E.2d 313, 314; *Swain* v. *City of Princeton* (1970),

147 Ind. App. 174, 259 N.E.2d 440; *Cabinet Makers Union* v. *City of Indianapolis* (1896), 145 Ind. 671, 44 N.E. 757.

This line of cases concerns involuntary dismissal for failure to prosecute where the burden of moving the litigation was upon the plaintiff. In the case at bar, the wife urges that the petitions should have been automatically dismissed for such failure and that action for dissolution was not properly before the trial court. She seeks to find error in the trial court's failure to order a hearing to dismiss the petitions pursuant to Indiana Rules of Procedure, Trial Rule 41(E), which reads:

> "Failure to prosecute civil actions or comply with rules. Whenever there has been a failure to comply with these rules or *when no action has been taken in a civil case for a period of sixty (60) days, the court, on motion of a party or on its own motion shall order a hearing for the purpose of dismissing such case . . .*" (Emphasis added)

The husband contends that the purpose of TR. 41(E) is to promote diligent prosecution where one party fails to move the litigation and the other seeks to either have the matter litigated or dismissed by bringing a motion for a hearing, and, further that TR. 41(E) does not apply to the facts of the present case where the husband was diligently prosecuting his action. We must agree.

The wife did not file a motion pursuant to TR. 41(E) at any time during the period between the filing of the petitions for dissolution (June 6, 1974) and the final hearing (September 19, 1975). Repeated attempts at reconciliation had ended with the wife leaving the State of Indiana with the minor child and the subsequent filing of a motion for custody and motion for final hearing by the husband. No dismissal was sought by either the husband or wife although there was evidence before the trial court that during the attempts at reconciliation, the parties were reminded of the pending litigation and the restraining order which was still in force against the wife. The wife's oral motion to dismiss offered at the beginning of the final hearing, if based upon TR. 41(E), was not

timely filed where action in the case had resumed. Where the parties to the litigation have failed to elect alternative remedies which were available to them, we will not find that the trial court erred in failing to order a hearing on dismissal where such hearing and motion are clearly within its discretion.

The wife's final issue is whether the trial court abused its discretion in awarding custody of the parties' minor child to the husband.

Determination of child custody is recognized both by statute and by case law to be within the discretion of the trial court in accordance with the best interest of the child.[1]

"The disposition of children is not controlled by hard and fast rules of law but by the sound discretion of the court confronted with the problem. Review by an appellate court of such disposition is limited to the question of abuse of judicial discretion." *See: Gilchrist* v. *Gilchrist* (1947), 225 Ind. 367, 372, 75 N.E.2d 417, 419; *Shaw* v. *Shaw* (1973), 159 Ind. App. 33, 304 N.E.2d 536, 539; *Freeman* v. *Freeman* (1973), 159 Ind. App. 98, 304 N.E.2d 865, (Transfer denied); *Cox* v. *Cox* (1973), 155 Ind. App. 336, 292 N.E.2d 817, (Transfer denied).

In the instant case, the trial court was faced with the unenviable task of making a determination of custody where one party, the wife, had removed herself and the minor child from the court's jurisdiction in violation of a restraining order of the court.

The trial court repeatedy expressed a willingness to reconsider the decree of custody of the minor child upon the return of the child to the jurisdiction in accordance with the court's order of June 6, 1974. The court had likewise retained jurisdic-

---

1. IC 1971, 31-1-11.5-21 (Burns Code Ed., Supp. 1976). *See also: Franks* v. *Franks* (1975), 163 Ind. App. 346, 323 N.E.2d 678; *Franklin* v. *Franklin* (1976), 169 Ind. App. 537, 349 N.E.2d 210.

tion on the subject of custody of the second child of the parties, which was born following the final hearing of September 19, 1974. The court based its continuing jurisdiction over the custody of the children upon the provision for reconsideration of custody where there is a "change of circumstances".[2]

The failure of the wife to abide by orders of the court, her failure to appear at the final hearing, although she was served with notice of the hearing on motion for custody of child, and her failure to appear at subsequent hearings which she had re-requested and which were scheduled for her convenience, were properly subject to consideration by the court in making its determination of custody.

No evidence was offered by the wife at the final hearing on the husband's lack of ability to care for the child, nor was the court able to view the wife or hear her testimony concerning the child. The trial court had the opportunity to view and hear the husband's evidence and awarded custody based upon its observations in court, the fact that the husband was willing and able to support the child, the fact that she was unable to support the child and was receiving public assistance, and considering that public policy favors the award of custody of a child to a parent who will support the child and end its dependency upon the taxpayer for support.

We find nothing in the record to substantiate a claim of abuse of the trial court's discretion in the award of custody to the husband.

Having resolved all of the issues raised by the wife in favor of the trial court's decision and finding no error, we affirm the trial court's decision in all respects.

Lowdermilk and Lybrook, JJ., concur.

Note.—Reported at 359 N.E.2d 583.

---

2. IC 1971, 31-1-11.5-21, 22. (Burns Code Ed., Supp. 1976).