AMERICAN FLETCHER NATIONAL
BANK AND TRUST COMPANY,
Appellant and Cross-Appellee,

v.

PAVILION, INC., Milton J. Okum and
William L. Schwartz, Appellees and
Cross-Appellants.

No. 883S313.

Supreme Court of Indiana.

Aug. 25, 1983.

Rehearing Denied Nov. 18, 1983.

Ronald A. Lisak, Indianapolis, for appellant and cross-appellee.

A. David Stippler, Bryum, Gagnon, Diehl & Stippler, Michael A. Kiefer, Garrison & Kiefer, Indianapolis, for appellees and cross-appellants.

PETITION TO TRANSFER

GIVAN, Chief Justice.

This case comes to us on Petition to Transfer filed by Milton J. Okum and William L. Schwartz. This case commenced with the filing of a complaint by plaintiff American Fletcher National Bank and Trust Company (hereinafter "AFNB") naming Okum and Schwartz, Pavilion, Inc., and James C. and Martha J. McCoy as defendants. AFNB sued to recover $56,057.60 due on a promissory note. Pavilion was the maker of the note. Okum, Schwartz, and the McCoys were guarantors thereof.

Trial before the bench resulted in a judgment against Pavilion but in favor of defendants Okum and Schwartz. The McCoys were dismissed from the suit.

The trial court's order book entry as to the Motion to Correct Error is as follows:

"And afterwards to wit on October 26, 1979 being the 1979 term of said Court, before the Honorable Kenneth Johnson Judge thereof, the following further proceedings were had herein to wit:

"Plaintiff's motion to correct errors— overruled. (cards sent.)"

The record contains a copy of the "card[s] sent" to the attorneys of record regarding the court's overruling of the Motion to Correct Error. The copy shows the postcard

size notice stated: "The Court has overruled the plaintiff's Motion to Correct Errors in Cause No. S277J8 AFNB vs. Pavilion Inc. . . . ." The remainder of the card is not filled in, but the omissions are not material to resolution of the case. In the upper right-hand corner of the card there is an unlabelled blank line into which the date "10–29, 1979" is handwritten.

Comparing the card to the order book entry, it is apparent the date of "10–29, 1979" in the upper right hand corner of the card is not the date of the ruling on the Motion to Correct Error and the entry thereof, but is rather either the date the card was mailed or completed or both. However, the attorney representing AFNB read the card to mean that indeed October 29, 1979, was the date of the court's ruling.

AFNB then filed a praecipe with the trial court to initiate an appeal on November 26, 1979. However, when AFNB attempted to file the Record of Proceedings with the Clerk of the Indiana Court of Appeals on January 28, 1980, the Clerk refused to accept it on the grounds it showed the ninety day time period had expired four days earlier under Ind.R.App.P. 3(B). The Clerk's calculation was made using the correct date of October 26, 1979, as the date of the trial court's ruling on the Motion to Correct Error.

AFNB then undertook to resurrect its appeal. A motion for a *nunc pro tunc* entry to the trial court to change the date of the ruling on the Motion to Correct Error was denied. However, on February 22, 1980, AFNB filed a "Motion for Relief from Judgment," characterized as premised on Ind.R.Tr.P. 60(B), to be relieved of the October 26 denial of the Motion to Correct Error and prayed the court to reenter the denial so that AFNB might comply with Appellate Rule 3(B) and appeal the judgment. The trial court granted AFNB's motion on March 21, 1980, and further designated that date as the date on which the Motion to Correct Error was denied.

Okum and Schwartz then filed their own Motion to Correct Error on April 9, 1980, alleging as error the trial court's grant of

AFNB's TR 60(B) motion. Their motion was denied the next day.

Subsequently, AFNB perfected its appeal. Okum and Schwartz cross appealed on the issue of whether the trial court erred in granting AFNB's relief under TR 60(B). In *American Fletcher National Bank & Trust Company v. Pavilion, Inc.,* (1982) Ind. App., 434 N.E.2d 896, the Court of Appeals, *inter alia,* held the trial court did not abuse its discretion in granting AFNB's TR 60(B) motion, and therefore AFNB's appeal was timely perfected. In regard to the rest of the appeal, the Court found reversible error had been committed and accordingly remanded the case for a new trial on the merits.

Okum and Schwartz petition to transfer the case to this Court under Ind.R.App.P. 11(B). Though the petition addresses several grounds for transfer, we find it necessary to treat only one issue raised therein, that the holding of the Court of Appeals that the trial court properly granted AFNB's TR 60(B) motion is erroneous. We hereby grant the Petition to Transfer of Okum and Schwartz, vacate the opinion of the Court of Appeals, and order the appeal of AFNB dismissed.

We begin by quoting from Ind.R.Tr.P. 60(B), which reads in relevant part:

"(B) *Mistake—Excusable neglect—Newly discovered evidence—Fraud, etc.* On motion and upon such terms as are just the court may relieve a party or his legal representative from an order, entry of default, proceeding or final judgment, including a judgment by default, for the following reasons:

"(1) mistake, surprise, or excusable neglect;

\* \* \* \* \* \*

"(8) any other reason justifying relief from the operation of the judgment . . . ."

■ A trial court's grant of or denial of relief upon motion for a party premised on TR 60(B)(1) or (8) is reviewable only for abuse of discretion. *Siebert Oxidermo, Inc. v. Shields,* (1983) Ind., 446 N.E.2d 332 (Opin-

ion on Rehearing); *Grecco v. Campbell,* (1979) 179 Ind.App. 530, 386 N.E.2d 960; *Farley v. Farley,* (1977) 172 Ind.App. 120, 359 N.E.2d 583.

Strict compliance with the time limit of Appellate Rule 3(B) is required and failure to do so results in forfeiture of the right to appeal, absent the granting of a petition to extend such time. *In Re: Little Walnut Creek Conservancy District,* (1981) Ind.App., 419 N.E.2d 170; *Wadkins v. Thornton,* (1972) 151 Ind.App. 380, 279 N.E.2d 849.

The basis for AFNB's motion for relief under TR 60(B) is that the form of notice provided by the trial court clerk was misleading, in that it led AFNB's attorney to believe the October 29, 1979, date on the card was the date on which the Motion to Correct Error was ruled upon. Thus relevant to our determination is whether the trial court erred in granting the relief is Ind.R.Tr.P. 72(D). That rule reads in part:

"(D) Notice of orders or judgments. Immediately upon the entry of a ruling upon a motion, an order or judgment the clerk shall serve a notice of the entry by mail in the manner provided for in Rule 5 upon each party who is not in default for failure to appear, and shall make a note in the docket of the mailing. Such mailing is sufficient notice for all purposes for which notice of the entry of an order is required by these rules; but any party may in addition serve a notice of such entry in the manner provided in Rule 5 for the service of papers. *Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in the Appellate Rules.* Service by mail upon any attorney who is present at the time the entry is made of record shall not be required if such fact is noted in the record or is noted in the docket by the clerk." (Emphasis added.) *Id.*

The key case upon which parties rely is *Soft Water Utilities, Inc. v. LeFevre,* (1973) 261 Ind. 260, 301 N.E.2d 745. In that case after a trial before the bench and entry of judgment in favor of LeFevre, Soft Water timely filed a TR 59 motion. Subsequently, the trial court denied the motion, thus tolling the time limits of Ind.R.App.P. 2(A) and 3(B). However, after the thirty day time limit of Appellate Rule 2(A) had already expired, Soft Water's attorney discovered not only that the Motion to Correct Error had been denied but also that the trial court clerk had imparted obviously false information to him when he had telephoned the clerk on the very day the judge ruled on the motion. The clerk at that time told the attorney the court had not even received the motion through the mail. Soft Water then moved under TR 60(B) to have the trial court change the date of the ruling on the Motion to Correct Error in order that it could timely file a praecipe and initiate an appeal on the merits. The trial court granted the relief.

On petition to transfer by Soft Water, this Court held the trial court did not abuse its discretion in granting the relief. Though we acknowledged that part of TR 72(D) emphasized above supported LeFevre's argument, we pointed out there were other factors coming into play in the case beyond the mere "[l]ack of notice of the entry by the clerk." Ind.R.Tr.P. 72(D). We said:

"Opposing the sworn affidavit of the clerk [that notice of the ruling was mailed on the day it was entered], is the affidavit of Soft Water's attorney, alleging not only that notice was not received, that he was diligent in attempting to ascertain the trial court's ruling, *but also that he, in fact, received misinformation from the court clerk on the day the motion to correct errors was ruled upon.* The clerk does not deny that he gave false information to Soft Water. We hold this is a 'reason justifying relief from the operation of the judgment.' TR. 60(B)(8)." (Emphasis in original.) *Id.* at 268, 302 N.E.2d at 749–50.

Now AFNB contends the instant case falls within *Soft Water, supra,* while Okum and Schwartz just as vigorously contend it

does not. They contend the facts here take this case outside the narrow exception developed in the *Soft Water* case to TR 72(D), TR 60(B)(8), and Appellate Rules 2(A) and 3(B).

The Court of Appeals agreed with AFNB, holding "the form of notice provided by the clerk of [the] court was sufficiently misleading to justify the trial court's relief." *AFNB v. Pavilion, Inc., supra,* 434 N.E.2d at 902.

■ We are persuaded otherwise. First, we observe the postcard notice form itself does not directly give misinformation as to the date of the ruling on the Motion to Correct Error. Concededly its form is such that it gives incomplete information, but we believe the giving of incomplete information is different from the giving of misinformation. In *Soft Water, supra,* the attorney received an affirmative manifestation of utterly false information from the trial court clerk, that the Motion to Correct Error had not even been received when in fact it had not only been received but had also been ruled upon on the very day the attorney made a telephone inquiry of the clerk as to its status.

Second, we look to the state of the record as developed in the trial court after AFNB made its TR 60(B) motion. AFNB's attorney filed his own affidavit in support of the claim for relief, stating therein:

"Upon receipt of the Record of Proceedings in this case, I reviewed the same but the fact that the Court's entry overruling AFNB's motion to correct error was dated in the Record of the Proceedings as October 26, 1979, brought nothing to my attention for the reason that I had already computed the time requirements in reliance upon the clerk's notice and found no reason to compare the Record of the Proceedings with the clerk's notice and recompute the time requirements a second time."

Okum and Schwartz filed the affidavit of the court reporter in this cause. She swore therein she had "personally discussed with AFNB's counsel . . . on at least four (4) separate occasions, the topic of the preparation of this transcript for appeal." Moreover, and more important, she swore she notified AFNB's attorney on January 9, 1980, that the transcript was ready, and that he personally picked up the transcript from her office the next day, *fifteen days before the Appellate Rule 3(B) time limit was actually going to expire* and eighteen days before he thought it was going to expire. Coupled with his own affirmation that he noted the date of the entry on the ruling on the Motion to Correct Error was October 26, when he read the transcript, the obvious fact he was aware he was very near the ninety day time limit of Rule 3(B), and the ambiguous but not affirmatively misleading form of the notice provided to him, we find it astounding he did not take the few seconds that would have been needed to recalculate the time limit involved to be sure the right to appeal was not forfeited. The record in this case reveals neither that as was the case in *Soft Water, supra,* was there a lack of notice to the attorney involved nor was there an affirmative and direct manifestation of false information.

We hold the trial court abused its discretion in granting AFNB's TR 60(B) motion to set aside and reenter the denial of AFNB's Motion to Correct Error. *McFarlan v. Fowler Bank City Trust Company,* (1938) 214 Ind. 10, 12 N.E.2d 752.

The opinion of the Court of Appeals in this case, reported at 434 N.E.2d 896, is vacated. Cross-appellants Okum and Schwartz's Petition to Transfer is granted. The case is remanded to the trial court with instructions to vacate the entries of March 21, 1980, granting AFNB's TR 60(B) motion and denying AFNB's Motion to Correct Error on that date, to reenter the date of denial of that motion as October 26, 1979, and to strike any entries, orders, or rulings relating to the retrial of the case as ordered by the Court of Appeals.

The appeal of AFNB, not having been perfected by a timely filing of the record with the appellate court, is hereby ordered dismissed.

PRENTICE and PIVARNIK, JJ., concur.

DeBRULER, J., dissents with opinion in which HUNTER, J., concurs.

DeBRULER, Justice, dissenting.

The trial court found that the form of the notice was sufficiently misleading to justify granting the bank relief pursuant to Ind.R. Tr.P. 60(B). I would affirm that decision as did the Fourth District Court of Appeals. Granting such relief under circumstances such as these was approved in *Soft Water Utilities, Inc. v. LeFevre*, (1973) 261 Ind. 260, 301 N.E.2d 745. In that case, the lawyer who had filed a motion to correct errors, upon making inquiry of the clerk, received misinformation in the form of a verbal statement over the telephone that the motion to correct errors had not been ruled upon, and what's more had not even been received by the court. It seems to me that any lawyer faced with such a surprising pronouncement would have strongly suspected that he had been given false information and would have responded by making a physical check of the court's written records. Had he done so in *Soft Water,* he would have discovered that the motion had been received and had not yet been ruled upon by the judge. The bank lawyer here received a written notice of the court's ruling on his motion to correct errors. The purpose of that notice was to communicate information useful to the lawyer. The only date that concerned the lawyer was the date of the ruling. A date did appear on the same side of the notice card as the notation of the ruling, but apart from it. A lawyer reading this would be led to conclude that the date was information which the court sought to impart to him, and that this date was the date of the ruling. As in *Soft Water,* a physical record check within a reasonable time would have revealed the true date of the ruling in time to have avoided the default.

As I see it, in both *Soft Water* and this case, a lawyer received misinformation and relied upon it until it was too late. The form which that misinformation took in *Soft Water,* held greater indices of mix-up and mistake, than did the form which the misinformation took in this case, and therefore the stimulus provided the lawyer in *Soft Water* to make a physical records check was greater than the stimulus provided the lawyer for the bank here. This case is therefore even a stronger one for relief pursuant to Trial Rule 60(B) than was *Soft Water.*

HUNTER, J., concurs.