FILED

Oct 04 2024, 9:11 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



I N  T H E

# Court of Appeals of Indiana

In the Matter of M.H. and Z.M. (Minor Children), Children in Need of Services,

and

T.M. (Mother),

*Appellant-Respondent*

v.

Indiana Department of Child Services,

*Appellee-Petitioner*

October 4, 2024

Court of Appeals Case No.
23A-JC-2959

Appeal from the Marion Superior Court

The Honorable Ryan Gardner, Judge

Trial Court Cause No.
49D10-2306-JC-004609
49D10-2306-JC-004610

**Felix, Judge.**

## Statement of the Case

[1] T.M. ("Mother") is the mother of M.H. and Z.W.[1] (collectively, the "Children"). After Mother was involved in a drunk driving accident that injured Z.W., a child in need of services ("CHINS") petition was filed. The juvenile court set the factfinding hearing on that petition beyond the statutory 60-day deadline over Mother's objection. Mother now appeals, raising two issues for our review, which we revise and restate as the following single dispositive issue: Whether the juvenile court erred by sua sponte setting the factfinding hearing beyond the 60-day deadline imposed by Indiana Code section 31-34-11-1(a).

[2] Because we conclude the juvenile court erred when it set the factfinding hearing outside the statutory 60-day deadline, we reverse and remand with instructions to dismiss the CHINS petition without prejudice.

---

[1] Z.W. is referred to as both "Z.W." and "Z.M." in the record. This opinion uses "Z.W."

## Facts and Procedural History

[3] M.H. was born on July 1, 2010, and Z.W. was born on December 24, 2013. On April 29, 2023, Mother was driving a vehicle, in which Z.W. was a passenger, and was involved in a car accident. Z.W. suffered a laceration to the face, which required multiple stitches. Mother suffered a broken ankle. M.H. was in a different vehicle nearby and witnessed the accident. When Mother arrived at the hospital, she was found to have a blood alcohol level of 0.13.

[4] On May 2, 2023, a family case manager ("FCM") with the Indiana Department of Child Services ("DCS") interviewed Mother and the Children. Mother told the FCM that she drove under the influence of alcohol because Z.W.'s father did not pick up the Children as planned. Z.W. reported to the FCM that he had previously seen Mother drinking and smoking while she was driving and that she was drinking while driving before the accident occurred.

[5] As a result of these events, on June 5, 2023, DCS filed a petition alleging the Children were CHINS. At a hearing on June 28, 2023, Mother requested the juvenile court set a date for the factfinding hearing on the CHINS petition. Instead, the juvenile court set a pretrial conference for July 19, 2023. No factfinding hearing was set. On July 7, 2023, Mother filed a motion requesting, in part, a date for the factfinding hearing. Again, no factfinding hearing was set.

[6] At the pretrial conference on July 19, 2023, DCS informed the juvenile court that it had set up DNA testing for both fathers to establish their paternity in the

Children, which was set to take place on August 1, 2023. However, DCS had not yet located M.H.'s father and stated that "if we can get in touch with him, we can ask for a continued initial hearing." Supp. Tr. Vol. II at 5. After again confirming that Mother did not waive her right to have a factfinding hearing on the CHINS petition within 60 days of its filing,[2] the juvenile court stated, "Alright, I'll find good cause to go beyond the sixty[.] I'll do that over [Mother]'s objection. . . . It's the best interest of judicial economy to address all matters at the same time, so I'll go ahead and find good cause to go beyond the sixty." *Id.* at 6. Thus, although the 60-day deadline to hold the factfinding hearing ended on August 4, 2023, the juvenile court set that hearing for September 20, 2023.

[7] On August 4, 2023, pursuant to Indiana Code section 31-34-11-1(d), Mother filed a motion to dismiss the CHINS petition based on the juvenile court's failure to hold a factfinding hearing on the CHINS petition within the statutory 60-day window. The juvenile court denied this motion the same day, explaining that it

> found good cause to go beyond the 60-day requirement (not the 120) as [Z.W.'s father] appeared at the 6/28/23 hearing and requested appointed counsel; [Z.W.'s father] is scheduled to have a DNA test at DCS; [M.H.'s father] was previously scheduled for default; and it is in the best interest of judicial economy to

---

[2] *See* Ind. Code § 31-34-11-1(a).

> address all matters together. The Court has authority for good cause to go beyond the 60-day requirement.

Appellant's App. Vol. II at 186.

[8] The juvenile court scheduled the factfinding hearing for September 20, 2023, but DCS filed a motion to continue because one of its essential witnesses was not available on that date. The trial court granted that motion and reset the hearing for October 3, 2023. On October 3, the juvenile court held the factfinding hearing on the CHINS petition as to Mother and M.H.'s father.[3] M.H.'s father did not appear, so the juvenile court proceeded with the factfinding hearing as to Mother only and set a factfinding hearing as to M.H.'s father for October 18, 2023. At the October 18 hearing, the juvenile court adjudicated the Children to be CHINS and subsequently issued its written order to that effect. Mother now appeals.[4]

## Discussion and Decision

### The Juvenile Court Erred by Sua Sponte Setting the Factfinding Hearing Beyond the 60-Day Deadline Without Good Cause

[9] Mother argues the juvenile court abused its discretion by setting the factfinding hearing beyond the 60-day timeframe set forth in Indiana Code section 31-34-11-1(a). Under that subsection, upon the request of a party, a juvenile court

---

[3] Prior to this hearing, Z.W.'s father admitted that Z.W. was a CHINS.

[4] Neither of the Children's fathers join in this appeal.

must dismiss a CHINS petition without prejudice if the juvenile court does not "complete a factfinding hearing" within 60 days of the CHINS petition being filed. I.C. § 31-34-11-1(a), (d). The juvenile court may extend this 60-day deadline "for an additional sixty (60) days if *all parties in the action consent* to the additional time." *Id.* § 31-34-11-1(b) (emphasis added). That is, the 60-day deadline "may be waived with the consent of both parties for any reason." *In re M.S.*, 140 N.E.3d 279, 283 (Ind. 2020) (citing *In re J.R.*, 98 N.E.3d 652, 655 (Ind. Ct. App. 2018)). Although the parties can waive the deadlines set forth by Indiana Code section 31-34-11-1, we do not allow these deadlines to be ignored because this would allow trial courts to "habitually set these matters outside the time frame and there would be no consequence whatsoever." *Id.* (quoting *In re J.R.*, 98 N.E.3d at 655).

[10] Mother argues that Indiana Code section 31-34-11-1, Indiana Trial Rule 53.5, and our Supreme Court's decision in *In re M.S.*, 140 N.E.3d 279 (Ind. 2020), do not allow the juvenile court to sua sponte set the factfinding hearing after the 60-day window passed. Trial Rule 53.5 provides in relevant part: "*Upon motion*, trial may be postponed or continued in the discretion of the court, and shall be allowed *upon a showing of good cause* established by affidavit or other evidence." (Emphases added). In *M.S.*, our Supreme Court held that pursuant to Trial Rule 53.5, a juvenile court can exceed the 120-day deadline imposed by Indiana Code section 31-34-11-1(b) if *a party* (1) moves for a continuance and (2) shows "good cause" for why a continuance is necessary. 140 N.E.3d at 284 (citing Ind. Trial Rule 53.5). Thereafter, in *In re K.W.*, this court extended the

holding in *M.S.*, concluding that pursuant to that decision and Trial Rule 53.5, a trial court has the authority to grant *a party's request* for a continuance of a CHINS factfinding hearing for good cause. 178 N.E.3d 1199, 1208 (Ind. Ct. App. 2021).

[11] None of the *parties* in this case requested the juvenile court set the factfinding hearing on the CHINS petition beyond the 60-day deadline. DCS argues that the following statement it made during the July 19 pretrial conference should be read as a motion to continue:

> We can't find [M.H.'s father] as far as I know, we have a default date set for him in September, so, if he does appear, he has an appointment set up or if we can get in touch with him, we can ask for a continued initial hearing and he can be potentially assigned an attorney if he wants one, but for right now, he's on the DNA list, if he chooses to come.

Supp. Tr. Vol. II at 5. Given the conditional language of this statement, we cannot agree that it was a request for the juvenile court to extend the 60-day deadline for the factfinding hearing.

[12] DCS also argues that the juvenile court had the authority to exceed the 60-day deadline on its own motion. DCS contends that our decision in *K.W.*, 178 N.E.3d 1199 (Ind. Ct. App. 2021), supports this argument because it "held that a trial court may order the continuance of a CHINS fact-finding hearing beyond the 60-day deadline upon a showing of good cause." Appellee's Br. at 10 (citing *K.W.*, 178 N.E.3d at 1208). In *K.W.*, the juvenile court set the factfinding hearing within the statutory 60-day window, but upon DCS's

motion, the juvenile court converted it to a pre-trial conference, and the father did not object to that change and did not appear at the hearing. *Id.* at 1204, 1207. On appeal, the father did not include the transcript of the hearing at which DCS moved for a continuance, but the trial court's order stated it found good cause to do so and it "appear[ed] that [the] trial court granted a continuance due to delays caused by the COVID-19 pandemic, Father's failure to appear for the August hearing, and Father's request for new counsel." *Id.* at 1208. We ultimately determined that the father failed to show the trial court abused its discretion by granting DCS's motion to continue the factfinding hearing beyond the 60-day deadline. *Id.*

[13] Notably, the *K.W.* court was not faced with a sua sponte continuance. Rather, in that case, DCS filed a motion to convert the factfinding hearing into a pretrial conference and moved for a continuance at that conference. *Id.* at 1204, 1207, 1208. Also, in *K.W.*, the father caused at least some of the delay that resulted in DCS's request for a continuance. *Id.* at 1208. Here, by contrast, DCS did not request a continuance of the factfinding hearing, and Mother made multiple requests for a hearing date and objected to the juvenile court setting the factfinding hearing beyond the 60-day deadline.

[14] The *K.W.* court also confronted the issue of whether the trial court could sua sponte extend the deadline to conduct a dispositional hearing pursuant to Indiana Code section 31-34-19-1. 178 N.E.3d at 1208–10. The father argued that the trial court did not have the authority to extend the dispositional deadline because *M.S.* only dealt with factfinding hearings, not dispositional

hearings. *Id.* at 1209. The *K.W.* court had no difficulty finding that T.R. 53.5 is as applicable to dispositional hearings as it is to factfinding hearings. *Id.* at 1209–10.

[15] Additionally, similar to Mother's argument here, the father in *K.W.* argued that the trial court could not sua sponte extend the dispositional hearing deadline. 178 N.E.3d at 1209 n.2. In a footnote, the *K.W.* court found that the father's argument failed because this court has previously held that a trial court may sua sponte grant a continuance for good cause, *id.* (quoting *Farley v. Farley*, 172 Ind. App. 120, 123, 359 N.E.2d 583, 585 (1977)), and because one of the three situations in which a continuance usually arises is when a trial court sua sponte orders one, *id.* (citing 22B Ind. Prac., Civil Trial Rule Handbook § 53.5:1).

[16] Based on the holdings in *K.W.* and *M.S.*, especially as they relate to Trial Rule 53.5, it is reasonable to conclude that a juvenile court may sua sponte extend the 60-day factfinding hearing deadline set forth in Indiana Code section 31-34-11-1(a). Importantly, the requirement still remains that such a sua sponte continuance must be supported by good cause, *see M.S.*, 140 N.E.3d at 284 (citing Ind. Trial Rule 53.5); *K.W.*, 178 N.E.3d at 1210 (citing *M.S.*, 140 N.E.3d at 284; T.R. 53.5).

[17] We now must determine whether the juvenile court had good cause to sua sponte continue the factfinding hearing beyond the 60-day deadline. We review for an abuse of discretion a juvenile court's determination of whether good cause existed for a continuance. *See M.S.*, 140 N.E.3d at 285 (citing *F.M. v.*

*N.B.*, 979 N.E.2d 1036, 1039–40 (Ind. Ct. App 2012)). "An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court or if the court has misinterpreted the law." *Bruder v. Seneca Mortgage Servs., LLC*, 188 N.E.3d 469, 471 (Ind. 2022) (citing *Berg v. Berg*, 170 N.E.3d 224, 227 (Ind. 2021)). Good cause for a continuance may exist where a party is ill, *see Farley*, 172 Ind. App. at 123, 359 N.E.2d at 585; a party's mental capacity needs to be assessed, *see In re R.A.M.O.*, 190 N.E.3d 385, 391–92 (Ind. Ct. App. 2022); a party's attorney has a medical emergency such that the party is without counsel, *see id.*; a witness is unavailable to testify, *see id.*; or the parties represent to the court that a settlement is likely, *see In re K.T.*, 188 N.E.3d 479, 482 (Ind. Ct. App. 2022).

[18] Here, the juvenile court's good cause finding was based mainly on its desire for judicial economy.[5] While it may be preferable to have one factfinding hearing for all parents involved in a CHINS proceeding, sometimes multiple hearings are unavoidable. *See In re E.T.*, 152 N.E.3d 634, 641 (Ind. Ct. App. 2020) (quoting *In re S.A.*, 27 N.E.3d 287, 292–93 (Ind. Ct. App. 2015)) (recognizing that multiple factfinding hearings may be necessary when a CHINS adjudication involves both parents), *trans. denied*. Additionally, "the purpose of a CHINS adjudication is to protect children, not punish parents." *M.S.*, 140

---

[5] The juvenile court also found good cause because a public defender was appointed to Z.W.'s father and a DNA test was scheduled. In this situation, the trial court took it upon itself to determine what Z.W.'s father's counsel would request, instead of waiting for Z.W.'s father's counsel to request a continuance. Making a sua sponte decision for Z.W.'s father was an abuse of the court's discretion.

N.E.3d at 284–85 (quoting *In re Eq.W.*, 124 N.E.3d 1201, 1209 (Ind. 2019)). Indiana law "guards against unwarranted State interference in family life, reserving that intrusion for families 'where parents lack the ability to provide for their children,' not merely where they 'encounter difficulty in meeting a child's needs.'" *In re D.J.*, 68 N.E.3d 574, 580 (Ind. 2017) (quoting *In re S.D.*, 2 N.E.3d 1283, 1287 (Ind. 2014)). Our General Assembly has clearly determined that in order to protect children and guard against unnecessary State interference into family life, juvenile courts must hold factfinding hearings within 60 days after a CHINS petition is filed, unless the parties consent to an extension of or waive that deadline. *See* I.C. § 31-34-11-1(a)–(b); *M.S.*, 140 N.E.3d at 283 (citing *J.R.*, 98 N.E.3d at 655). The juvenile court's desire for judicial economy, without more, does not outweigh these important interests, especially when the desired judicial economy is based upon less than concrete or known savings (e.g., anticipation that a parent will be served, or anticipating that a recently appointed attorney will request a continuance). Therefore, the juvenile court abused its discretion in continuing the factfinding hearing over Mother's objection.

[19] Based on the foregoing, we conclude the juvenile court erred by setting the factfinding hearing on the CHINS petition after the statutory 60-day period ended and also erred by denying Mother's motion to dismiss the CHINS petition. Because this issue is dispositive, we need not address Mother's argument that this error violated her constitutional rights. We thus reverse the

juvenile court's judgment and remand with instructions to dismiss DCS's CHINS petition without prejudice.

[20] Reversed and remanded with instructions.

Kenworthy, J., and Riley, Sr. J., concur.

ATTORNEYS FOR APPELLANT

Talisha R. Griffin
Indianapolis, Indiana

Casey Farrington
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Indiana Attorney General

John R. Oosterhoff
Deputy Attorney General
Indianapolis, Indiana

Katherine Grace Meger Kelsey
Indianapolis, Indiana